RECEIVED

2005 JUL 29 P 4: 12

P. HACKETT, CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WEELAPAN KERN; | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. CV-05 cv698-B |
| | * | |
| STANDARD FIRE INSURANCE | * | |
| COMPANY; ET AL., | * | |
| | * | |
| Defendants. | * | |

## MOTION TO REMAND

Plaintiff, pursuant to 28 U.S.C. § 1447, moves this Honorable Court to remand this action to the Circuit Court of Montgomery County, Alabama. This action is not one arising out of the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331, because the Plaintiffs have asserted claims arising only under Alabama common law and statutes, and the parties are not diverse as required by 28 U.S.C. § 1332.[1]

---

[1] The Defendants' Petition for Removal is improperly based on the grounds of diversity of citizenship jurisdiction. However, in his Complaint, the plaintiff is only seeking an amount not to exceed $74,999.00. (Exhibit "A"). It is well settled that the plaintiff is "the master of his or her own claim; if the plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy." Burns v. Windsor Ins. Co., 31 F.3d 1092 at 1095 (citations omitted). It is also well settled that the removing defendant must show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d at 1356, 1357 (11th Cir. 1996); see also 28 U.S.C. § 1332 (a). In its Notice of Removal, the Defendant simply compounds the damages claimed on each of the Plaintiff's causes of action within the Complaint and asserts that, as a result, the amount in controversy exceeds the jurisdictional requirements and this Court now has diversity jurisdiction pursuant to 28 U.S.C. 1332. However, removal statutes are to be strictly construed, with all doubts resolved in favor of remand. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1095), cert. denied, 117 S. Ct. 1349 (1997); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). Accordingly, where a plaintiff specifically claims less than the federal jurisdictional prerequisite in state court, a defendant may only establish removal jurisdiction by showing to a "legal certainty" that the plaintiff would not recover less than the federal jurisdictional amount if the plaintiff prevailed. Tapscott v. MS Dealer Serv. Corp., 77 F.3d at 1356 (11th Cir. 1996); Burns, 31 F. 3d at 1094.

Consequently, this Court lacks both diversity and subject matter jurisdiction and this action is not one for which removal is provided by 28 U.S.C. § 1441.

WHEREFORE, Plaintiff moves this Honorable Court to remand this case back to the Circuit Court of Montgomery County, Alabama from which it was removed.

_____
CHRISTOPHER E. SANSPREE (SAN048)
Attorney for Plaintiff

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 (Fax)

## CERTIFICATE OF SERVICE

  I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Defendants of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 29TH day of July 2005.

_____
OF COUNSEL

Brenen G. Ely
Joel Isenbert
**SMITH & ELY, LLP**
2000 A. Southbridge Parkway, Ste 405
Birmingham, Alabama 35209
205-802-2214
205-879-4445 fax