IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WEELAPAN KERN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:05 CV698-B |
| | ) |
| THE STANDARD FIRE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Comes now Defendant The Standard Fire Insurance Company ("Standard Fire") and states the following in response to the Plaintiff's Motion to Remand:

1. Defendant Standard Fire removed this action pursuant to 28 U.S.C. Section 1332 based on diversity of citizenship and because the amount in controversy exceeded $75,000. The Plaintiff has now filed with this Court a Motion to Remand stating "the plaintiff is only seeking an amount not to exceed $74,999.00." (Plaintiff's Motion to Remand at p. 1, n.1).

2. In Brooks v. Pre-Pair Legal Services., Inc., 153 F. Supp. 2d 1299 (M.D. Ala. 2001), the Honorable Ira DeMent of this Court addressed a similar circumstance where a motion to remand supported by "a plaintiff's post-removal stipulation limit[ed] the scope of an *ad damnum* clause to less than" the amount in controversy. Brooks, 153 F. Supp. 2d at 1300. In Brooks, this Court granted the plaintiffs' motion to remand because the plaintiffs in that case stipulated that "(1) they did not intend to seek recovery of more than $74,500 when they filed their complaint; (2) they will never claim or accept more than $74,500; and (3) they agree to a court order capping their damages at $74,500." Id. at 1300.

3.  However, this Court in <u>Brooks</u> also ordered that, should the plaintiffs or their attorney disregard this stipulation and pursue or accept damages in excess of $75,000, upon a motion by opposing counsel, this Court would impose sanctions. <u>Id.</u> at 1302; see also <u>Moss v. Voyager Ins. Cos.</u>, 43 F. Supp. 2d 1298, 1304 (M.D. Ala. 1999).

4.  In light of the precedent established by <u>Brooks</u>, Standard Fire will not oppose the Plaintiff's Motion to Remand if Plaintiff stipulates the following in a signed affidavit:

   (a)  Plaintiff did not intend to seek a total damage award, including interest and cost, greater than $74,999 for all of his claims when he filed his complaint;

   (b)  Plaintiff will never claim or accept a total damage award against Standard Fire, including interest and cost, greater than $74,999; and

   (c)  Plaintiff agrees to a court order capping his total damages for all of his claims against Standard Fire, including interest and cost, at $74,999 even if the jury verdict exceeds that amount.

5.  Standard Fire respectfully requests that, if Plaintiff agrees to the stipulations set forth above and if this Court remands the case to state court, this Court enter an order irrevocably capping Plaintiff's total damages at $74,999. Standard Fire further respectfully requests that this Court enter an order maintaining jurisdiction over this matter to enter appropriate sanctions should Plaintiff disregard his stipulation and, instead, pursue or accept damages in excess of $74,999. See <u>Brooks</u>, 153 F. Supp. 2d at 1302.

6.  If Plaintiff fails to provide an affidavit limiting total damages to $74,999 as set forth above, Standard Fire reasserts that the matter in controversy based on Plaintiff's complaint exceeds $75,000 and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. Section 1332.

Respectfully Submitted,

/s/ Joel S. Isenberg
Brenen G. Ely, 0366-E54B
Joel S. Isenberg, 8855-N76J
Ruth L. Robinson, 5602-H71R
Attorneys for Defendant The Standard Fire Insurance Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, Alabama 35209
Phone: (205) 802-2214
Fax: (205) 879-4445
bely@smith-ely.com
jisenberg@smith-ely.com
rrobinson@smith-ely.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

|       |                    |
|-------|--------------------|
| ____  | Hand Delivery      |
| ____  | U. S. Mail         |
| _X_   | E-Filing           |
| ____  | Overnight Delivery |
| ____  | Facsimile          |

on this the 5th day of August, 2005.

/s/ Joel S. Isenberg
OF COUNSEL

cc:
Christopher E. Sanspree
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103