IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WEELAPAN KERN, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>STANDARD FIRE INSURANCE COMPANY, )<br>)<br>  Defendant. ) | 2:05-CV-00698-B<br>[WO] |

## ORDER ON MOTIONS

In a *Motion to Remand* filed July 29, 2005 (Doc. 4), Plaintiff argues – based on the demand in his Complaint for an amount not to exceed $74,999.00 –

> This action is not one arising out of the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §1331, because the Plaintiffs have asserted claims arising only under Alabama common law and statutes, and the parties are not diverse as required by 28 U.S.C. §1332.

*Defendant's Response* (Doc. 5, Aug. 5, 2005), *inter alia*, pledges not to oppose remand in exchange for Plaintiff's signed affidavit in conformity with specified language clearly intended to secure his commitment "not to claim or accept any damage award, including interest and cost, greater than $74,999." If Plaintiff declines to provide the requested affidavit, Defendant "reasserts that the matter in controversy based on Plaintiff's complaint exceeds $75,000 and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. Section 1332." *Plaintiff's Reply* (Doc.7, Aug. 11, 2005) reports his reliance on Defendant's argument that the amount in controversy exceeds $75,000.00 and, accordingly "withdraws his motion to remand [and] accepts federal diversity jurisdiction."

After duly considering all the pleadings, the court deems it appropriate to construe *Plaintiff's Reply* (Doc. 7) as his *Motion for Leave to Withdraw Motion to Remand;* thus construed, it is due

2

to be, and it is hereby

    **ORDERED** that this *Motion* is, **GRANTED.**

    **Accordingly,** the Clerk is INSTRUCTED to terminate as "withdrawn" the *Motion to Remand* ( Doc. 4).

    DONE this 15th day of September, 2005.

    **/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE