## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **WEELAPAN KERN;** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No.** |
| **vs.** | * | **2:05-cv-698-B** |
| | * | |
| **STANDARD FIRE INSURANCE** | * | |
| **COMPANY; ET AL.,** | * | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff hereby amends his original complaint by adding Colonial Insurance Company as a party Defendant and by adding an additional causes of action:

### STATEMENT OF THE ADDED PARTIES

1.      Defendant Colonial Insurance Company (hereinafter referred to as "Colonial") is a domestic corporation with its principle place of business in Montgomery County, Alabama.

### COUNT III
### (Fraudulent Misrepresentation)

2.      Plaintiff realleges all prior paragraphs of the original Complaint as if set out here in full.

3.      At all material times hereto, Defendant Colonial was the licensed in-state general insurance agent for Defendant Standard Fire.

4.      In or around December and again in January of 2005, Defendant Colonial, acting as the licensed in-state general agent for Defendant Standard Fire, represented to Plaintiff that if he paid a premium of $800.00 to Defendant Standard Fire, his automobile

insurance policy would continue to be in-force and he would continue to be insured by Defendant Standard Fire.

5.     On or about January 27, 2005, in reliance upon the Defendants' aforementioned representation, Plaintiff did in fact pay a premium of $800.00 to Defendant Standard Fire which was deposited in Defendant Standard Fire's bank account by Defendant Standard Fire on February 4, 2005.

6.     As set forth above in Plaintiff's original Complaint, Plaintiff was involved in an automobile accident on February 5, 2005, and subsequently filed a claim for benefits with Defendant Standard Fire.

7.     As also set forth above in Plaintiff's original Complaint, Defendant Standard Fire denied plaintiff's claim for benefits by stating that his insurance policy had lapsed for non-payment of premiums and returned Plaintiff's previously paid premiums via check issued by Defendant Standard Fire on or about February 21, 2005.

8.     The above stated representations were false, Defendants knew that they were false, and Plaintiff relied on said representations to his detriment.

9.     Plaintiff discovered the fraud within two years of filing this lawsuit.

10.     Plaintiff depended on the Defendants to advise him as to insurance matters because of their superior knowledge and position.

11.     Defendants entered into a pattern or practice of fraudulent conduct, which included the fraud practiced on the Plaintiff.

12.     The conduct by Defendants was intentional, gross, wanton, malicious, or oppressive.

13.    As a consequence of the foregoing conduct, Plaintiff was injured and damaged as set forth in paragraph eleven (11) of Plaintiff's original Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

### COUNT IV

### (Negligent and/or Wanton Misrepresentation)

14.    Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

15.    At the aforesaid time and place, Defendants innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed the material facts relating to the insurance policy coverage at issue.

16.    As a proximate consequence of the wrongful acts, Plaintiff was injured and damaged as alleged in Paragraph 11 above.

WHEREFORE, Plaintiff demands judgment against said Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs.

/s/ Christopher E. Sanspree
CHRISTOPHER E. SANSPREE (SAN048)
One of the Attorneys for Plaintiff

OF COUNSEL:

**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.**
P. O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 223-1218 (Fax)

Mr. Gary E. Atchison
Attorney at Law
Post Office Box 2002
Montgomery, Alabama 36102-2002

**<u>JURY DEMAND</u>**

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY
ON ALL ISSUES OF THIS CAUSE.

*<u>/s/ Christopher E. Sanspree</u>*
OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Defendants of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the **6**<sup>th</sup> day of **December** 2005.

*/s/ Christopher E. Sanspree*
OF COUNSEL

Brenen G. Ely
Joel Isenberg
**SMITH & ELY, LLP**
2000 A. Southbridge Parkway, Ste 405
Birmingham, Alabama 35209
205-802-2214
205-879-4445 fax

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

*PLEASE STAMP AND RETURN*

| | | |
|---|---|---|
| WEELAPAN KERN; | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. CV-05 |
| | * | |
| STANDARD FIRE INSURANCE | * | |
| COMPANY; | * | |
| Fictitious Defendants | * | |
| "A", "B", and "C", whether singular | * | |
| or plural, those other persons, | * | |
| corporations, firms or other entities | * | |
| whose wrongful conduct caused | * | |
| or contributed to cause the injuries | * | |
| and damages to the Plaintiff, all of | * | |
| whose true and correct names are | * | |
| unknown to Plaintiff at this time, | * | |
| but will be added by amendment | * | |
| when ascertained, | * | |
| | * | |
| Defendants. | * | |

2005 JUN 27  PH 3:54

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

## COMPLAINT

### STATEMENT OF THE PARTIES

1.    Plaintiff Weelapan Kern is over the age of nineteen years and is a resident citizen of Montgomery County, Alabama.

2.    Defendant Standard Fire Insurance Company (hereinafter referred to as "Standard") is a foreign corporation doing business by agent in Montgomery County, Alabama.

3.    Fictitious Defendants "A", "B", and "C" whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and

correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

4.     In or around November 11, 2004, Plaintiff purchased a automobile insurance policy from Defendant Standard Fire Insurance Company to cover and/or insure his 2001 Mitsubishi Montero, to wit policy No. OTR786-975499318-1, and maintained aforementioned policy by paying the necessary premiums to keep said policy in force.

5.     On or about February 5, 2005, Plaintiff was involved in a three car accident in which Plaintiff's automobile, as well as two (2) other vehicles, sustained damage.

6.     Plaintiff subsequently contacted Defendant Standard and filed a claim for benefits due under their policy of insurance as a result of aforesaid automobile accident

7.     However, at all times material hereto Defendant Standard has failed and/or refused to pay for said covered damages and losses.

## COUNT ONE

8.     Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

9.     At all times herein, Defendant Standard was under a contractual obligation to pay benefits owed to Plaintiff under the aforementioned automobile policy of insurance.

10.     Defendant Standard breached its contractual obligations by failing and refusing to properly pay the benefits due thereunder as set forth above.

11.     As a proximate consequence of Defendant Standards breach, Plaintiff was injured and damaged as follows: Plaintiff's covered automobile has not been repaired as promised; Plaintiff has been exposed to unnecessary liability as it relates to the other

vehicle(s) involved in accident; Plaintiff's Alabama drivers license has been revoked; Plaintiff has suffered mental anguish and emotional distress and will continue to do so; and Plaintiff was otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendant Standard in such an amount of compensatory damages as a jury deems reasonable, and may award, plus costs not to exceed $74,999.

## COUNT TWO

12.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

13.    At all material times herein, Defendant Standard was under a duty to use good faith in handling Plaintiff's claim.

14.    Defendant Standard has intentionally, and in bad-faith, failed and/or refused to fully investigate and/or pay the benefits due under the aforesaid policy of insurance as set forth above.

15.    As a proximate consequence, Plaintiff was injured and damaged as set forth in paragraph 11 above.

WHEREFORE, Plaintiff demands judgment against Defendant Standard in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs not to exceed $74,999.

JERE L. BEASLEY (BEA020)
W. DANIEL "DEE" MILES, III, (MIL060)
CHRISTOPHER SANSPREE (SAN048)

3

OF COUNSEL:

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
P. O. Box 4160
272 Commerce Street (36104)
Montgomery, Alabama  36103-4160
(334) 269-2343
(334) 954-7555 facsimile

**GARY E. ATCHINSON**
Attorney At Law
429 South Court Street
Montgomery, Alabama 36102
Phone (334) 262-7232

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL