IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WEELAPAN KERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:05 CV698-B |
| ) | |
| STANDARD FIRE INSURANCE ) | |
| COMPANY; ET AL., ) | |
| ) | |
| Defendant. ) | |

## STANDARD FIRE'S ANSWER TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT

Comes now Defendant The Standard Fire Insurance Company ("Standard Fire") and, in answer to the plaintiff's second amended complaint, states as follows:

### STATEMENT OF THE ADDED PARTIES

1. Defendant Standard Fire is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Plaintiff's second amended complaint. Therefore, Defendant Standard Fire denies these allegations and demands strict proof thereof.

### COUNT III

### (Fraudulent Misrepresentation)

2. Defendant Standard Fire reasserts its responses and defenses to all prior paragraphs of the original complaint as if set out in full herein.

3. Defendant Standard Fire denies the allegations contained in Paragraph 3 of the Plaintiff's second amended complaint and demands strict proof thereof.

4. The allegations contained in Paragraph 4 of the Plaintiff's second amended complaint are not directed at Defendant Standard Fire and therefore do not require a response from Defendant

Standard Fire. To the extent that the allegations contained in Paragraph 4 are directed at Defendant Standard Fire, Defendant Standard Fire denies these allegations and demands strict proof thereof.

5. Defendant Standard Fire denies the allegations contained in Paragraph 5 of the Plaintiff's second amended complaint and demands strict proof thereof.

6. Defendant Standard Fire admits that it was contacted by the plaintiff and received a claim from him for the damage suffered in an auto accident.

7. Defendant Standard Fire admits the plaintiff's claim and admits that the plaintiff's policy did not renew because of failure to pay premiums. Defendant Standard Fire admits that it returned the plaintiff's $800.00 payment on or about February 17, 2005. Defendant Standard Fire denies the remaining allegations of Paragraph 7 of the Plaintiff's second amended complaint and demands strict proof thereof.

8. Defendant Standard Fire denies the allegations contained in Paragraph 8 of the Plaintiff's second amended complaint and demands strict proof thereof.

9. Defendant Standard Fire denies the allegations contained in Paragraph 9 of the Plaintiff's second amended complaint and demands strict proof thereof.

10. Defendant Standard Fire denies the allegations contained in Paragraph 10 of the Plaintiff's second amended complaint and demands strict proof thereof.

11. Defendant Standard Fire denies the allegations contained in Paragraph 11 of the Plaintiff's second amended complaint and demands strict proof thereof.

12. Defendant Standard Fire denies the allegations contained in Paragraph 12 of the Plaintiff's second amended complaint and demands strict proof thereof.

13. Defendant Standard Fire denies the allegations contained in Paragraph 13 of the

Plaintiff's second amended complaint and demands strict proof thereof.

Defendant Standard Fire denies the demand for relief made in the unnumbered paragraph that follows paragraph 13, demands strict proof thereof, and reasserts its responses to paragraphs 1 - 13.

## COUNT IV

### (Negligent and/or Wanton Misrepresentation)

14. Defendant Standard Fire reasserts its responses to Paragraphs 1 - 13 as if set out in full herein.

15. Defendant Standard Fire denies the allegations contained in Paragraph 15 of the Plaintiff's second amended complaint and demands strict proof thereof.

16. Defendant Standard Fire denies the allegations contained in Paragraph 16 of the Plaintiff's second amended complaint and demands strict proof thereof.

Defendant Standard Fire denies the demand for relief made in the unnumbered paragraph that follows paragraph 16, demands strict proof thereof, and reasserts its responses to paragraphs 1 - 16

## DEFENSES

Defendant Standard Fire reasserts the defenses set forth in its Answer to Complaint as if fully set forth herein.

Respectfully submitted,

s/Joel S. Isenberg
Brenen G. Ely (0366-E54B)
Joel S. Isenberg (8855-N76J)
Attorneys for Defendant The Standard Fire Insurance Company

3

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
(205) 802-2214
(205) 879-4445 (FAX)

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

|  |  |
|---|---|
| _____ | Hand-delivery to office |
| _____ | Personally |
| _____ | U. S. Mail |
| _____ | Federal Express |
| _____ | Facsimile |
| __x__ | E-file |

on this the 19th day of December, 2005.

                                                 s/ Joel S. Isenberg
                                                 OF COUNSEL

cc:

Christopher E. Sanspree
Beasley, Allen, Crown, Methvin
 Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 36103

Gary E. Atchison
429 South Court Street
Montgomery, AL 36102