IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WEELAPAN KERN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 2:05-CV-698-B |
| | ) | |
| STANDARD FIRE INSURANCE | ) | |
| COMPANY, ET AL.; | ) | |
| COLONIAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

COMES NOW the defendant, Colonial Insurance Company, and in answer to plaintiff's Second Amended Complaint states as follows:

1. Defendant admits the allegations of paragraph 1 of the plaintiff's Second Amended Complaint.

2. Defendant is without sufficient knowledge to either admit or deny the allegations of Count III, paragraph 2.

3. Defendant denies the allegations of Count III, paragraph 3 of the plaintiff's Second Amended Complaint and demands strict proof thereof.

4. Defendant denies the allegations of Count III, paragraph 4 of the plaintiff's Second Amended Complaint and demands strict proof thereof.

5. Defendant denies the allegations of Count III, paragraph 5 of the plaintiff's Second Amended Complaint and demands strict proof thereof.

6. Defendant admits the allegations of Count III, paragraph 6 of the plaintiff's Second Amended Complaint.

7. Defendant admits the allegations of Count III, paragraph 7 of the plaintiff's Second Amended Complaint.

8. Defendant denies the allegations of Count III, paragraph 8 of the plaintiff's Second Amended Complaint and demands strict proof thereof.

9. Defendant denies the allegations of Count III, paragraph 9 of the plaintiff's Second Amended Complaint and demands strict proof thereof.

10. Defendant denies the allegations of Count III, paragraph 10 of the plaintiff's Second Amended Complaint and demands strict proof thereof.

11. Defendant denies the allegations of Count III, paragraph 11 of the plaintiff's Second Amended Complaint and demands strict proof thereof.

12. Defendant denies the allegations of Count III, paragraph 12 of the plaintiff's Second Amended Complaint and demands strict proof thereof.

13. Defendant denies the allegations of Count III, paragraph 13 of the plaintiff's Second Amended Complaint and demands strict proof thereof.

14. Defendant reavers and incorporates all paragraphs above in answer to Count IV, paragraph 14 of the plaintiff's Second Amended Complaint.

15. Defendant denies the allegations of Count IV, paragraph 15 of the plaintiff's Second Amended Complaint and demands strict proof thereof.

16. Defendant denies the allegations of Count IV, paragraph 16 of the plaintiff's Second Amended Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant denies that it made any misrepresentations to the plaintiff but, if so, defendant specifically denies that the plaintiff reasonably relied upon any representations made by this defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant pleads contributory negligence.

### THIRD AFFIRMATIVE DEFENSE

Defendant pleads mitigation of damages.

### FOURTH AFFIRMATIVE DEFENSE

Defendant pleads § 6-11-21, *Code of Alabama, as amended*, in its entirety with all sub-parts thereto more generally referred to as the statutory provision applying caps to punitive damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

1. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

2. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of

wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

3. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

4. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

5. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

6. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

7. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds;

1. It is a violation of the Due Process Clause of to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

2. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

3. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

4. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

5. The award of punitive damages in this case constitutes a deprivation of property without due process of law; and

6. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's attempt to impose punitive damages or extra-contractual damages on this defendant, on the basis of the vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

NINTH AFFIRMATIVE DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

TENTH AFFIRMATIVE DEFENSE

The award of punitive damages against the defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

ELEVENTH AFFIRMATIVE DEFENSE

These defendants say that the imposition of punitive damages under Alabama law is arbitrary and capricious, inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature, plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under Alabama law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the State of Alabama and that imposition of punitive damages under Alabama law, even with <u>Green Oil</u> and <u>Hammond</u>'s guidelines is arbitrary and capricious leading to "grossly excessive" punitive damage awards, inasmuch as the jury is provided neither guidelines in reaching some rational ratio between compensatory and punitive damages nor some rational relation between the defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition.  <u>BMW of North American v. Gore</u>, 517 U.S. 559 (1996).

TWELFTH AFFIRMATIVE DEFENSE

Notions of judicial fairness, Due Process, and constitutional jurisprudence dictate that a person receive fair notice of not only the conduct that will subject him to punishment but also the

severity of the penalty that a State may impose. This State provides no such notice to defendants leading to "grossly excessive" punitive damage awards that violate the United States Constitution and its amendments. BMW of North American v. Gore, 517 U.S. 559 (1996).

### THIRTEENTH AFFIRMATIVE DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards of the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against these Defendants, it is

unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, *Alabama Code*, 1975, as amended.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert further affirmative defenses in this action as discovery progresses.

  s/W. H. Brittain II
W. H. Brittain II
BALL, BALL, MATTHEWS & NOVAK
Post Office Box 2148
Montgomery, AL 36102
(334) 387-7680
(334) 387-3222 Fax
bbrittain@ball-ball.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of December, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher E. Sanspree
BEASLEY, ALLEN, CROW, METHVIN,
    PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103

Gary E. Atchison
Post Office Box 2002
Montgomery, AL  36102-2002

Joel Isenberg
SMITH & ELY, LLP
2000 A Southbridge Parkway, Suite 405
Birmingham, AL  35209


                                                __s/W. H. Brittain II
                                                OF COUNSEL