IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WEELAPAN KERN; | * |
| | * |
| Plaintiff, | * |
| | * |
| | *   Case No. |
| vs. | *   2:05-cv-698-DRB |
| | * |
| STANDARD FIRE INSURANCE | * |
| COMPANY; ET AL., | * |
| | * |
| Defendants. | * |

## PLAINTIFF'S STATEMENT AND BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, Mr. Weelepan Kern, in the above-styled action pursuant to Rule 56 of the Federal Rules of Civil Procedure and hereby files this his Statement and Brief in Opposition to Defendant Standard Fire Insurance Company's (hereinafter referred to as "Standard Fire/Travelers") Motion for Summary Judgment. Mr. Kern respectfully moves this Court to enter an order denying Defendant's aforesaid motion because there are genuine issues of material fact. When viewed in a light most favorable to Mr. Kern, the facts establish that Defendant Standard Fire/Travelers fraudulently misrepresented material facts to Mr. Kern and breached its contract with Mr. Kern in bad faith. As a result, Mr. Kern has been, and continues to be, legally damaged.

This Statement and Brief in Opposition to the Defendant's Motion for Summary Judgment is supported by a Narrative Summary of Undisputed Facts, the deposition of Plaintiff Weelapan Kern, (attached hereto as Exhibit "A"); Automobile Insurance Card, (attached as Exhibit "B"); an Affidavit of Weelapan Kern, (attached as Exhibit "C"); Defendants Offer to

Reinstate, (attached hereto as Exhibit "D"); Plaintiff Weelapan Kern's Deposited Check, (attached hereto as Exhibit "E"); Defendant Standard Fire/Travelers own affidavit of Richard Finchum used in support of Defendant's Motion for Summary Judgment, (attached hereto as Exhibit "F"); Expert Report of John Allen, (attached as Exhibit "G"); Defendant February 10, 2005 letter to Plaintiff, (attached hereto as Exhibit "H"); refund Check issued to Plaintiff Weelapan Kern, (attached hereto as Exhibit "I"); Accident Report, (attached hereto as Exhibit "J").

## Standard of Review

On a motion for summary judgment, the movant has the burden to make a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. F.R.C.P. 56 (c). Until the moving party has made such a showing, the burden does not shift to the opposing party to establish a genuine issue of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). If the defendant makes a prima facie showing, the burden then shifts to the plaintiff to present evidence of the existence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a Motion for Summary Judgment, the court must review the facts in the light most favorable to the non-movant and must resolve all reasonable doubts against the movant. F.R.C.P. 56(c). When viewed in a light most favorable to the Plaintiff, there exist genuine issues of material fact, thus precluding judgment as a matter of law

## Narrative Summary of Undisputed Facts

In 2003, Mr. Kern purchased a Mitsubishi Montero and purchased automobile insurance from Defendant Standard Fire/Travelers to cover the Montero. (Kern Deposition, Exhibit "A", pgs. 24,33). The coverage period was from November 11, 2003 through November 11, 2004.

(Insurance Card, Exhibit "B"). When time for renewing the insurance coverage approached, Mr. Kern did not pay an additional premium to renew his insurance at that time. (Kern Affidavit, Exhibit "C"). On or about December 22, 2004, Mr. Kern received an Offer to Reinstate his insurance. (Offer to Reinstate, Exhibit "D"). The Offer to Reinstate offered to reinstate his policy as if there had been no interruption in coverage if Mr. Kern paid a minimum premium payment of $445.59 by January 11, 2005. (Exhibit "D"). Mr. Kern did not pay the minimum premium payment of $445.59 by January 11, 2005. (Exhibit "C"). However, a couple of weeks after the January 11, 2005, Mr. Kern called Defendant Standard Fire/Travelers and asked how much it would cost at that time to have his policy and coverage reinstated. (Exhibit "A", pgs. 56-57, 70-71, 72-73, 75-76, 106-107);(Affidavit, Exhibit "C"). Defendant Standard Fire/Travelers represented to Mr. Kern that if he made an $800.00 premium payment, his policy would be reinstated as if there had been no interruption in his coverage. Id. In reliance upon the foregoing representation, Mr. Kern tendered the $800.00 premium payment to Defendant Standard Fire/Travelers on or about January 27, 2005, and did not seek out any additional insurance coverage. (Exhibit "C"). Defendant Standard Fire accepted Mr. Kern's $800.00 premium payment and deposited the same into its checking account on February 4, 2005. (Kern's Deposited Check, Exhibit "E"); (Defendant Standard Fire/Travelers own affidavit of Richard Finchum used in support of Defendant's Motion for Summary Judgment, Exhibit "F"). Once Defendant Standard Fire/Travelers accepted and deposited Mr. Kern's $800.00 premium payment, it was bound to reinstate Mr. Kern's insurance policy and provide insurance coverage for any subsequent loss suffered from February 4, 2005 forward. (Expert Report, Exhibit "G"). The very next day, February 5, 2005, which was a Saturday, Mr. Kern was involved in an automobile accident and immediately filed a claim with the Defendant the following Monday,

3

February 7, 2005. (Exhibit "A" pgs. 56, 61, 62, 63). However, on or about February 10, 2005, Defendant Standard Fire/Travelers denied Mr. Kern's claim for benefits and informed him via letter that he did not have the insurance coverage that was promised him and that he had paid for.[1] (Letter, Exhibit "H"). A week later, Defendant Standard Fire/Travelers returned Mr. Kern's $800.00 premium payment via refund check, which, as stated above, it had already accepted and deposited. (Refund Check, Exhibit "I").

As a result of Defendant Standard Fire/Travelers' conduct, Mr. Kern no longer has a driver's license and cannot obtain a drivers license until he pays approximately ten thousand ($10,000.00) dollars to repair the automobiles damaged in the automobile accident referenced above. (Exhibit "C"). In addition, Mr. Kern cannot obtain automobile insurance until the foregoing debt is repaid. Id.

## Argument

Although not addressed by Defendant Standard Fire/Travelers in its Motion for Summary Judgment or Brief in Support Thereof, counsel for Plaintiff feels that it is important to note that a party can go to the jury on both breach of contact and fraud under current Alabama law. The fact that a victim of fraud is in a contractual relationship with the perpetrator does not preclude a remedy for fraud. In fact, a party may recover judgment in an action at law for both breach of contract and fraud. Combined Services, Inc. v. Lynn Electronics Corporation, 888 F.2d 106 (11th Cir. 1989); *see also* Herring v. Prestwood, 414 So.2d 52 (Ala. 1982)(holding that in Alabama, a single transaction can support an award of damages for both breach of contract and fraud);

---

[1] It is important to note that the February 10, 2005 letter incorrectly states that Standard Fire/Travelers did not receive Mr. Kern's $800.00 premium check until February 7, 2005, which was after the automobile accident. Travelers has had subsequently acknowledge and admit that it actually received and deposited Mr. Kern's premium check on February 4, 2005, because Mr. Kern and his previous attorney provided evidence of the foregoing to Standard Fire/Travelers and asked for an explanation.

4

Deupree v. Butner, 522 so.2d 242 (Ala. 1988)(holding that recovery of compensatory damages for breach of contract and punitive damages for fraud did not constitute double recovery); Hill v. United Insurance Co. of America, 998 F.Supp. 1333 (M.D. Ala. 1998)(holding that a plaintiff may recover under both breach of contract and fraud).

### A.  *Breach of Contract*

To establish a cause of action for breach of contract, one must show (1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's non-performance, and (4) damages. State Farm v. Slade, 747 So.2d 293, 302 (Ala.1999); citing Southern Medical Health Systems Inc. v. Vaughn, 669 So.2d 98, 99 (Ala.1995). An insurance contract, like all other contracts, requires an offer, acceptance of that offer, consideration and mutual assent to the terms essential to the formation of the contract. Mobile Airport Authority v. HealthSTRATEGIES, INC., et al., 886 So.2d 773, 779 (Ala. 2004). In the instant case, it is undisputed that Mr. Kern made an additional $800.00 premium payment to Defendant Standard Fire/Travelers to have his insurance policy reinstated as if there had been no interruption in coverage. (Exhibit "E")  It is also undisputed that Defendant Standard Fire/Travelers accepted Mr. Kern's $800.00 premium payment and deposited the same into its checking account on February 4, 2005. (Check, Exhibit "E"). (See Defendant Standard Fire/Travelers' own affidavit of Richard Finchum used in support of its Motion for Summary Judgment, Exhibit "F"). It is also undisputed that once Defendant Standard Fire/Travelers accepted and deposited Mr. Kern's $800.00 premium payment, it was bound to reinstate Mr. Kern's insurance policy and provide insurance coverage for any subsequent loss. (Expert Report, Exhibit "G").  It is also undisputed that Mr. Kern was involved in an automobile accident on February 5, 2005. (Kern Deposition, Exhibit pgs. 56, 61, 62, Exhibit "A"):

5

(Accident Report, Exhibit "J"). It is also undisputed that Mr. Kern filed a claim with the Defendant Standard Fire regarding the accident on February 7, 2005. (Deposition pgs. 56, 61, 62, 63). It is also undisputed that on or about February 10, 2005, Defendant Standard Fire denied Mr. Kern's claim for benefits and falsely claimed that it had not received Mr. Kern's $800.00 premium payment until after the wreck on February 7, 2005. (Letter, Exhibit "H"). It is also undisputed that Defendant Standard Fire/Travelers continues to refuse to pay Mr. Kern's claim for benefits. It is also undisputed that as a result of Defendant Standard Fire/Traveler's denial of Mr. Kern's claim, Mr. Kern has become personally liable for approximately $10,000.00 in damages resulting from the aforementioned automobile accident that would have otherwise been payable under his insurance policy with the Defendant. (Affidavit, Exhibit "C").

Consequently, Mr. Kern has provided ample evidence to show that (1) a contract existed between Defendant Standard Fire/Travelers and himself, (2) that he performed under the contract by the necessary premiums to have his policy reinstated, (3) that Defendant Standard Fire/Travelers accepted and deposited Mr. Kern's premium payment for reinstatement and became bound to provide him insurance coverage once it did so (4) that Defendant Standard Fire/Travelers has failed and/or refused to perform under the contract in that it has refused to pay the benefits owed under the insurance contract and returned Mr. Kern's premiums to him, and (4) Mr. Kern has been damaged as a result thereof. Therefore, summary judgment as to breach of contract should be denied.

### B. *Bad Faith*

Alabama has recognized two types of bad faith failure to pay insurance benefits cases; the "normal" bad faith case, and the "abnormal" bad faith case. See National Insurance Ass'n v. Sockwell, 2002 WL 399041, pg 16; Aetna Life Ins. Co. v. Lavoie, 505 So.2d 1050 (Ala. 1987);

Blackburn v. Fidelity & Deposit Co., 667 so.2d 661, 669 (Ala. 1995). The elements of a "normal" bad faith action are as follows:

>   (a) An insurance contract between the parities and
>   the breach thereof by the Defendant.
>
>   (b) An intentional refusal to pay the claim.
>
>   (c) The absence of any reasonable, legitimate, or
>   arguable reason for that refusal.
>
>   (d) The insurers actual knowledge of the absence of
>   any legitimate or arguable reason.
>
>   (e) If the intentional failure to determine the existence
>   of a lawful basis is relied upon, the Plaintiff must
>   prove the insurers intentional failure to determine whether
>   there is a legitimate or arguable reason to refuse to
>   pay the claim. Cincinnati Insurance vs. Little, 413 So.
>   2d 891 (Ala. 1983).

"Abnormal" bad faith cases have been recognized by the Supreme Court of Alabama in instances where the plaintiff has produced substantial evidence that the insurer (1) intentionally or recklessly failed to investigate the plaintiff's claim; (2) intentionally or recklessly failed to properly subject the plaintiff's claim to a cognitive evaluation or review; (3) <u>created its own debatable reason for denying the plaintiff's claim;</u> or (4) relied on an ambiguous portion of the policy as a lawful basis to deny the plaintiff's claim. National Insurance Ass'n v. Sockwell, 2002 WL 399041, pg. 16 (emphasis added). The instant case is an "abnormal" bad faith type of case.

The evidence set forth above indicates that Standard Fire/Travelers created its own debatable reason to deny Mr. Kern's claim for benefits because it is undisputed that Standard Fire/Travelers knew that it had received, accepted and deposited Mr. Kern's $800.00 premium payment to reinstate his policy on February 4, 2005. (See Defendant Standard Fire/Travelers' own affidavit of Richard Finchum used in support of its Motion for Summary Judgment, Exhibit

7

"F"). It is also undisputed that once Defendant Standard Fire/Travelers accepted and deposited Mr. Kern's $800.00 premium payment, it was bound to reinstate Mr. Kern's insurance policy and provide insurance coverage for any subsequent loss. (Expert Report, Exhibit "G"). It is also undisputed that Mr. Kern was involved in an automobile accident on February 5, 2005. (Kern Deposition, Exhibit pgs. 56, 61, 62): (Accident Report, Exhibit "J"). It is also undisputed that Mr. Kern filed a claim with the Defendant Standard Fire regarding the accident on February 7, 2005. (Deposition pgs. 56, 61, 62, 63). It is also undisputed that on or about February 10, 2005, Defendant Standard Fire sent Mr. Kern a letter and denied his claim for benefits and falsely asserted that it had not received Mr. Kern's $800.00 premium payment until February 7, 2005, which was after the wreck. (Letter, Exhibit "H"); (Expert Report, Exhibit "G"). It is also undisputed that Defendant Standard Fire/Travelers subsequently refunded Mr. Kern's $800.00 premium payment on or about February 17, 2005, and has refused to pay his claim for benefits. (Refund Check, Exhibit "I"). The above was committed by Defendant Standard Fire/Travelers in an effort to create a reason to deny Mr. Kern his benefits. (Expert Report, Exhibit "G").

Consequently, Mr. Kern has submitted more than enough evidence to require a factual determination by a jury as to whether Standard Fire/Travelers created its own debatable reason to deny the his claim. An insurer cannot create its own debatable reason to deny a claim and avoid bad faith punitive damage liability. *See* <u>National Insurance Ass'n v. Sockwell</u>, 2002 WL 399041; <u>State Farm Fire & Cas. Co. v. Slade</u>, 747 So.2d 293, 303-307 (Ala. 1999). Summary Judgment as to Mr. Kern's bad faith claim is due to be denied.

### C. *Fraudulent Misrepresentation*

As stated above, Mr. Kern has asserted a fraudulent misrepresentation claim against the Defendant. The elements of a fraudulent misrepresentation claim are (1) a false representation

8

(2) of a material fact (3) which is reasonably relied upon by a party (4) who has been damaged as a proximate result. Harris v. McDavid, 553 So.2d 567 (Ala. 1989). In the instant case, as set forth above, Mr. Kern alleges that approximately two weeks after missing the January 11, 2005 deadline to pay his $445.49 minimum premium payment as set forth in the Offer to Reinstate, Mr. Kern called the Defendant to inquire about making a payment to reinstate his insurance policy. (Exhibit "A", pgs. 56-57, 72-73, 76, 77, 106-107). The Defendant told Mr. Kern that if he made a $800.00 premium payment, his policy would be reinstated as if there had been no interruption in his coverage. Id. In reliance upon the foregoing representation, Mr. Kern tendered the $800.00 premium payment to Defendant Standard Fire/Travelers on or about January 27, 2005, and did not seek out any additional insurance coverage. (Affidavit, Exhibit "C"). Defendant Standard Fire accepted Mr. Kern's $800.00 premium payment and deposited the same into its checking account on February 4, 2005. (Check, Exhibit "E"). Defendant Standard Fire/Travelers admits as much in its own affidavit of Richard Finchum, which was used in support of Defendant's Motion for Summary Judgment. (Exhibit "F"). The very next day, February 5, 2005, which was a Saturday, Mr. Kern was involved in an automobile accident and immediately filed a claim with the Defendant Standard Fire regarding the same the following Monday, February 7, 2005. (Deposition pgs. 56, 61, 62, 63). However, on or about February 10, 2005, Defendant Standard Fire informed Mr. Kern via letter that he did not have the insurance coverage that he had paid for and that was promised him. Letter, Exhibit "H"). A week later, Defendant Standard Fire/Travelers returned Mr. Kern's $800.00 premium payment via refund check on February 17, 2005. (Letter Exhibit "H");(Check, Exhibit "I")  Mr. Kern was damaged as a result of the above stated misrepresentations as set forth above.

**D.     *Reasonable Reliance***

Defendant Standard attacks Mr. Kern's fraudulent misrepresentation claim based upon the current fraud standard in Alabama, which is reasonable reliance, revived as an element of fraud in Foremost Ins. Co. v. Parham, 693 So.2d 409 (Ala. 1997).[2] The Defendant argues that because the December 22, 2004, Offer of Reinstatement states that the minimum premium payment amount due by 01/11/05 was $445.49, Mr. Kern could not have reasonably relied upon the Defendant's subsequent representation that if he made a premium payment in the amount of $800.00, his policy would be reinstated as if there had been no interruption in his coverage. (Offer of Reinstatement, Exhibit "D"). The Defendant's argument, however, makes no sense because it completely ignores the reasonable reliance standard set forth in Foremost, *supra*. Nowhere within the Offer of Reinstatement does it state that an additional premium payment of $800.00 would not be sufficient to reinstate Mr. Kern's policy of insurance. Nowhere in the Offer of Reinstatement does it state that if the minimum premium payment of $445.49 was not received by the deadline of 01/11/05 that Mr. Kern's policy could not be reinstated later by making an additional premium payment. In fact, the Offer of Reinstatement is silent as to these issues and does not in any way show a contradiction between what was represented to Mr. Kern (make a premium payment of $800.00 and your policy will be reinstated as if there had been no interruption in coverage). Under the reasonable reliance standard in Alabama, if documents

---

[2] Defendant Standard Fire/Travelers also argues that the Plaintiff's fraudulent misrepresentation claims should be dismissed because the Plaintiff previously dismissed the agent without prejudice and the time for amending complaints without leave of court has passed. The Defendant argues that because of this, the Plaintiff's fraudulent misrepresentation claims against the agent are really now dismissed with prejudice, and, as a result, the Plaintiff cannot pursue his fraudulent misrepresentation claim against the Defendant principle under respondeat superior theory of liability. This argument is very bizarre and assumes that the Plaintiff must file suit against an agent to hold the principle liable for the agents conduct and assumes that the Plaintiff cannot move for leave of court to amend his complaint. The Defendant has not cited any law that would support this bizarre argument. As a result, the Plaintiff will not waste his time addressing said argument. As this court is aware, the movant has the burden to make a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. F.R.C.P. 56 (c). Until the moving party has made such a showing, the burden does not shift to the opposing party to establish a genuine issue of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

received do not explicitly indicate that a fraud has occurred, summary judgment should not be granted. Foremost Ins. Co. v. Parham, 693 So.2d 409 (Ala. 1997); Liberty National Ins. Co. v. Parker, 703 So.2d 307 (Ala. 1997); Kelly v. Connecticut Mutual Life Ins. Co., 628 So.2d 454 (Ala. 1993). Therefore, summary judgment should be denied as to the "reasonable reliance" issue.

## CONCLUSION

Mr. Kern has submitted sufficient evidence to establish his breach of contract, bad faith and fraudulent misrepresentation claims against Standard Fire/Travelers. Standard Fire/Travelers is not entitled to judgment as a matter of law because there are genuine issues of material fact. Therefore, Defendant Standard Fire/Travelers' motion for summary judgment as to these causes of action should be denied.

/s/ Christopher E. Sanspree
CHRISTOPHER E. SANSPREE
Attorney for Plaintiffs

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
P. O. Box 4160
272 Commerce Street (36104)
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Defendants of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the **17th** day of **May** 2006.

                                              <u>/s/ **Christopher E. Sanspree**</u>
                                                     OF COUNSEL

Mr. Joel Isenberg
**Smith & Ely, L.L.P.**
2000A Southbridge Parkway; Suite 405
Birmingham, Alabama
(205) 802-2214
(205) 879-4445 (fax)