IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WEELAPAN KERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | |
| STANDARD FIRE INSURANCE ) | 2:05-CV-00698-DRB |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**STANDARD FIRE'S MOTION TO STRIKE PORTIONS OF PLAINTIFF WEELAPAN KERN'S AFFIDAVIT AND THOSE PORTIONS OF PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT THAT RELY ON SAID AFFIDAVIT**

COMES NOW the defendant, The Standard Fire Insurance Company (hereinafter referred to as "Standard Fire"), and respectfully moves this Honorable Court to strike portions of Plaintiff Weelapan Kern's affidavit submitted in opposition to Standard Fire's Motion for Summary Judgment. Standard Fire further moves this Honorable Court to strike those portions of Plaintiff's Statement and Brief in Opposition to Defendant's Motion for Summary that rely on said affidavit. In support of this Motion, Standard Fire states as follows:

1. In opposition to Standard Fire's Motion for Summary Judgment, Plaintiff submits as "Exhibit C" the Affidavit of Weelapan Kern. Because portions of Plaintiff's affidavit are clearly inconsistent with Plaintiff's prior deposition testimony in this case, those portions of Plaintiff's affidavit are a "sham" and are due to be disregarded by this Court.

2. In *Louis Thomas v. Alabama Council on Human Relations*, 248 F. Supp. 2d 1105 (M.D. 2003), Chief Judge Mark Fuller set forth the law in the Eleventh Circuit regarding sham affidavits and struck portions of the plaintiff's affidavit:

> [T]he "sham affidavit" concept, which arises when there is a clear inconsistency between factual assertions in an affidavit submitted in conjunction with a motion for summary judgment and prior deposition testimony. A district court addressing conflicting affidavits and depositions when ruling on a motion for summary judgment must be mindful of two competing policies. On the one hand, there is the purpose of summary judgment which is to "separate real, genuine issues from those which are formal or pretended." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986), *reh'g denied*, 815 F.2d 66 (11th Cir. 1987). <u>The rule is needed to "spare the party requesting summary judgment the needless pain and costs of a law suit when a party's prior statements show no factual dispute exists."</u> *Tippens*, 805 F.2d at 955 (Hill, J., specially concurring). On the other hand, there is the recognition that the credibility of witnesses and weight of the evidence are issues for the trier of fact. *Id.* at 954.
>
> Given these competing policies, the Eleventh Circuit has developed a standard by which to determine when the contradictory nature of testimony renders that testimony inappropriate for consideration as creating a genuine issue of material fact. In this circuit, "when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). Therefore, before disregarding an affidavit, a court must find some inherent inconsistency between the affidavit and deposition. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir. 1987). It is the inherent inconsistency which renders the subsequent affidavit a "sham." *See Van T. Junkins & Assocs., Inc.*, 736 F.2d at 657.
>
> Once a court has found that the party is attempting to create an issue of fact by offering a "sham" affidavit, the interest in preventing parties from having to proceed when there is no real issue of fact outweighs the interest in allowing the fact-finder to weigh issues of credibility at trial. <u>Holding to the contrary would mean that plaintiff's could "thwart the purposes of Rule 56 by creating 'sham' issues of fact with affidavits that contradict their prior depositions."</u> *Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168 (7th Cir. 1996). Thus, portions of affidavits which are clearly inconsistent with prior deposition testimony are due to be stricken. *See, e.g., Rice v. Barnes*, 149 F. Supp.2d 1297, 1300 (M.D. Ala. 2001).

*Thomas v. Ala. Council on Human Rels., Inc.*, 248 F. Supp. 2d 1105, 1112-1113 (M.D. Ala. 2003) (Fuller, C.J.) (emphasis added).

    2.    Similarly, in *Linda Cannon v. Dyncorp*, 378 F. Supp. 2d 1332 (M.D. Ala. 2005), Magistrate Judge Vanzetta McPherson applied the Eleventh Circuit precedent regarding sham

affidavits to strike portions of the plaintiff's affidavit submitted on motion for summary judgment. "A party opposing a motion for summary judgment may not rely upon an affidavit asserting facts that directly contradict earlier sworn testimony given in response to unambiguous questions. *Cannon*, 378 F. Supp. 2d at 1338.

Moreover, in the recent case of *Sears v. PHP of Alabama, Inc.*, 2006 U.S. Dist. LEXIS 18460, Senior Judge Ira DeMent noted that depositions should be favored over affidavits because "the general view of courts [is] that deposition testimony is more reliable than affidavit testimony, given that the testimony of the deponent generally has been scrutinized through cross-examination." *Sears*, 2006 U.S. Dist. LEXIS 18460, *31-*32 (ultimately holding that a subsequent deposition was more reliable than a previously attested EEOC charge and that the EEOC charge should not be struck).

3. In the present case, Plaintiff has submitted his own affidavit in opposition to Standard Fire's Motion for Summary Judgment. However, that affidavit contains statements that are in direct conflict with prior deposition testimony. These statements in Plaintiff's affidavit are nothing more than an attempt to create issues of fact where none exists in order to defeat Standard Fire's Motion for Summary Judgment. As this Court and the Eleventh Circuit have held, this is an improper use of an affidavit, and those portions of Plaintiff's affidavit are due to be struck.

4. Specifically, Plaintiff's affidavit contains the following statement:

> However, a couple of weeks after the [sic] January 11, 2005, I called Standard Fire/Travelers and asked how much it would cost at that time to have my policy and coverage reinstated.

(Plaintiff's "Exhibit C" at p. 1). This statement is in direct conflict with Plaintiff's prior deposition testimony for several reasons. First, Plaintiff testified in his deposition that he never spoke to

3

anyone at Standard Fire (or Travelers). (*See* Standard Fire's Exhibit 1, Kern Deposition, at pp. 58, 89-92). Rather, Plaintiff testified that the only telephone calls he made were to his own insurance agency, Colonial Insurance Agency, Inc.[1] (*See* Standard Fire's Exhibit 1, Kern Deposition, at pp. 46, 92). Accordingly, any statement by Plaintiff in his affidavit that he called Standard Fire/Travelers is due to be struck.

Second, Plaintiff testified in his deposition that he did not know when he placed this alleged telephone call – whether it was before or after the January 11, 2005 deadline. (*See*, e.g., Standard Fire's Exhibit 1, Kern Deposition, at pp. 47 and 108-110).[2] Plaintiff cannot now state definitively in an affidavit that he place the telephone call <u>after</u> January 11, 2005, when he clearly testified in his deposition that he did not know when he placed the call. Accordingly, the above-cited statement directly conflicts with Plaintiff's prior deposition testimony, and it is due to be struck.

5. Moreover, Plaintiff's affidavit contains the following statement:

> Standard Fire/Travelers represented to me that if I made an $800.00 premium payment, my policy would be reinstated as if there had been no interruption in my coverage.

However, as illustrated above, Plaintiff unequivocally testified in his deposition that he never spoke with anyone at Standard Fire (or Travelers). Accordingly, this statement is inherently inconsistent

---

[1] As stated in footnote 1 of Standard Fire's Statement of Undisputed Facts and Memorandum Brief in Support of Motion for Summary Judgment, Standard Fire disputes that Plaintiff ever spoke with anyone at Colonial regarding the January 11, 2005 deadline. However, for purposes of summary judgment, Standard Fire will assume that Plaintiff is to be believed and that he spoke to someone at Colonial.

[2] Again, as set forth more fully in Standard Fire's Statement of Undisputed Facts and Memorandum Brief, Plaintiff presented conflicting testimony about when he had this alleged conversation, ultimately admitting that he did not know when he made this alleged telephone call.

4

with Plaintiff's prior deposition testimony, and it is due to be struck.

    4.    Plaintiff's affidavit also contains the following statement:

> I was involved in an automobile accident and immediately filed a claim with Standard Fire/Travelers the following Monday, February 7, 2005.

This statement is in direct conflict with Plaintiff's prior deposition testimony. Plaintiff testified in his deposition that he notified his insurance agency, Colonial Insurance Agency, Inc., by telephone of the accident on February 7, 2005. (Standard Fire's Exhibit 1, Kern Deposition at p. 61). Plaintiff never directly contacted Standard Fire/Travelers to give them notice of the claim.[3] Accordingly, this statement is inherently inconsistent with Plaintiff's prior deposition testimony and is due to be struck.

    5.    Finally, Plaintiff's affidavit contains the following statement:

> In addition, I cannot obtain automobile insurance until the foregoing debt is repaid.

(Plaintiff's "Exhibit C" at p.2). This statement is in direct conflict with Plaintiff's prior deposition testimony. Plaintiff acknowledged in his deposition that Colonial Insurance offered him insurance after the date of the accident, that he did not respond to Colonial's offer of insurance, and that he does not now have insurance. (Standard Fire's Exhibit 1, Kern Deposition at 81, 85; *see also* Standard Fire's Exhibit 4, Plaintiff's Supp. Responses to Requests for Admissions Nos. 16 and 17 wherein Plaintiff admits receiving correspondence from Colonial offering him insurance after the accident). Now, in his affidavit, Plaintiff attempts to create a question of fact by stating that he cannot obtain automobile insurance, despite the undisputed fact that Colonial Insurance offered

---

[3]In fact, the undisputed evidence is that Standard Fire did not receive notice of Plaintiff's claim until February 10, 2005. (*See* Standard Fire's Exhibit 11 at bates-number SF 0090).

Plaintiff replacement coverage and that Plaintiff failed to accept this offer. Accordingly, Plaintiff's statement is inherently inconsistent with his prior deposition testimony and is due to be struck.

10. Because these portions of Plaintiff's affidavit are due to be struck, the corresponding portions of Plaintiff's Statement and Brief that rely upon said affidavit are due to be struck as well.

WHEREFORE, PREMISES CONSIDERED, Standard Fire respectfully requests that this Honorable Court strike those portions of Plaintiff's affidavit that conflict with prior deposition testimony and those portions of Plaintiff's Statement and Brief that rely on those identified portions of Plaintiff's affidavit.

Respectfully submitted,

s/Joel S. Isenberg
Brenen G. Ely (0366-E54B)
Joel S. Isenberg (8855-N76J)
Attorneys for Defendant The Standard Fire Insurance Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, Alabama 35209
Phone: (205) 802-2214
Fax: (205) 879-4445

## CERTIFICATE OF SERVICE

    I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| _____ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| __x__ | E-File |

on this the 30th day of May, 2006.

                                          s/Joel S. Isenberg
                                          OF COUNSEL

cc:

Jere L. Beasley
W. Daniel Miles
Christopher E. Sanspree
Beasley, Allen, Crown, Methvin
 Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 36103

Gary E. Atchison
429 South Court Street
Montgomery, AL 36102