IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WEELAPAN KERN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | |
| STANDARD  FIRE  INSURANCE | ) | 2:05-CV-00698-DRB |
| COMPANY, | ) | |
| | ) | |
|     Defendant. | ) | |

## STANDARD FIRE'S MOTION TO STRIKE THE EXPERT REPORT OF JOHN ALLEN AND ANY PORTIONS OF PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT THAT RELY ON SAID REPORT

COMES NOW the defendant, The Standard Fire Insurance Company (hereinafter referred to as "Standard Fire"), and respectfully moves this Honorable Court to strike the Expert Report of John Allen attached to Plaintiff Weelapan Kern's Statement and Brief in Opposition to Motion for Summary Judgment as "Exhibit G." Standard Fire further respectfully moves this Honorable Court to strike any and all portions of Plaintiff's Statement and Brief in Opposition to Motion for Summary Judgment that rely on said report.   In support of this Motion, Standard Fire states as follows:

Throughout its Statement and Brief in Opposition to Motion for Summary Judgment, Plaintiff relies on the purported expert report of John Allen, which Plaintiff attached as "Exhibit G." The expert report is due to be struck, however, because it does not meet the requirements of Federal Rule of Civil Procedure 26(a)(2) and was untimely according to the Rule and this Court's Scheduling Order. Even assuming that the report met the requirements of Rule 26(a)(2), the report is due to be struck because its contents constitute inadmissible legal arguments.

A. **John Allen's Expert Report Is Due to Be Struck Because Plaintiff Failed to Comply with this Court's Scheduling Order and the Federal Rules of Civil Procedure.**

1.      Pursuant to the parties' Report of Parties' Planning Meeting, initial disclosures under Federal Rule of Civil Procedure 26(a)(1) were due from the parties on October 19, 2005. (Doc. 16 at p.1). Plaintiff did not serve initial disclosures on Standard Fire until February 6, 2006. (A copy of Plaintiff's Initial Disclosures is attached hereto as Exhibit "1").

2.      In his initial disclosures, Plaintiff names "John Allen" as a potential fact witness. However, Plaintiff did not designate Mr. Allen as an expert at that time, nor did he provide any of the expert information required under Rule 26(a)(2). (*See* Exhibit "1" at p. 2). Instead, Plaintiff simply stated that Mr. Allen was "likely to have discoverable information relevant to the Plaintiff's claims and Standard Fire's defenses." (*Id.*). Plaintiff gave no indication in his initial disclosures of what information Mr. Allen had in support of Plaintiff's claims against Standard Fire, and gave no indication that Mr. Allen was to be designated as an expert witness.

3.      February 6, 2006 was the deadline established by this Court in its Scheduling Order for Plaintiff to designate an expert and to comply with all of the requirements of Rule 26(a)(2) regarding the designation of experts.   Specifically, this Court's Scheduling Order provides:

> SECTION 8:  The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705, <u>and</u> provide reports of retained experts or witnesses whose duties as an employee of the party regularly involve giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.
>
> <u>The parties shall comply fully with the requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.</u>
>
> From Plaintiff:          February 6, 2006
>
> From Defendant:      March 6, 2006

2

(Doc. 17 at Section 8) (emphasis added).

4.    Plaintiff served nothing on Standard Fire on February 6, 2006 other than its belated initial disclosures. In order for Plaintiff to have appropriately designated an expert under Rule 26 and this Court's Scheduling Order, Plaintiff was required to "comply fully with the requirements of Rule 26(a)(2) in regard to disclosure of expert testimony." (Doc. 17 at Section 8). Plaintiff failed to do so by the deadline set forth in this Court's Scheduling Order. Accordingly, Plaintiff's attempted designation of John Allen as an expert must fail, and Mr. Allen's report is due to be struck as an exhibit to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment.

5.    Rule 26(a)(2) provides, in pertinent part:

(A)    In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B)    Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C)    These disclosures shall be made at the times and in the sequence directed by the court.

Fed. R. Civ. P. 26(a)(2)(A)-(C).

6.    As Rule 26(a)(2) clearly provides, any party desiring to offer expert testimony through a witness must disclose that person's identity, and that disclosure "shall . . . be accompanied

3

by a written report prepared and signed by the witness." Plaintiff did neither; therefore, he failed

to properly designate Mr. Allen as an expert by the February 6, 2006 deadline set forth in this

Court's Scheduling Order. Even assuming *arguendo* that Plaintiff's passing reference to Mr. Allen

in his initial disclosures can be considered timely "disclosure" of Mr. Allen's identity, it is

undisputed that Plaintiff failed to provide Standard Fire with any report, let alone a report that meets

all of the requirements of Rule 26(a)(2), by the February 6, 2006 deadline.

      7.     The details that Rule 26 requires in an expert report and the timing of the report's

delivery are of utmost importance to avoid prejudice to the opposing party. As explained in the

Advisory Committee Notes, Paragraph (2) of the Rule was added to:

> impose[] an additional duty to disclose information regarding expert testimony
> sufficiently in advance of trial that opposing parties have a reasonable opportunity
> to prepare for effective cross examination and perhaps arrange for expert testimony
> from other witnesses. Normally the court should prescribe a time for these
> disclosures in a scheduling order under Rule 16(b), and in most cases the party with
> the burden of proof on an issue should disclose its expert testimony on that issue
> before other parties are required to make their disclosures with respect to that issue.

Fed. R. Civ. P. 26 (Advisory Committee Notes, 1993 Amendments).

      8.     In the present case, this Court set the deadline for Plaintiff to fully comply with the

expert designation and reporting requirements of Rule 26(a)(2) by February 6, 2006. In turn, this

Court set Standard Fire's deadline for any rebuttal expert on March 6, 2006. As contemplated by

Rule 26 and the Advisory Committee Notes, setting the Plaintiff's deadline ahead of Standard Fire's

deadline would permit Standard Fire time to arrange for any rebuttal experts and to make its

disclosures with respect to any issue on which Plaintiff carried the burden of proof and for which

Plaintiff retained an expert.

      9.     In this case, Plaintiff did not comply with Rule 26 and this Court's Scheduling Order

because it failed to designate John Allen as an expert and failed to provide an expert report in compliance with Rule 26(a)(2) by the February 6 deadline. Accordingly, Standard Fire was not placed on notice that Plaintiff intended to use an expert, or the substance of the alleged expert's opinions, in time for Standard Fire to "arrange expert testimony" by this Court's March 6, 2006 deadline for Standard Fire's expert disclosures.

10.     On February 21, 2006, over two weeks after the disclosure deadline, Plaintiff indicated for the first time that he would designate Mr. Allen as a potential expert witness in this case. (*See* Exhibit "2," Plaintiff's Responses to Standard Fire's Interrogatories at ¶19). However, even at that time, Plaintiff failed to serve on Standard Fire any written report whatsoever from Mr. Allen. Therefore, even if Plaintiff's designation had not been untimely, it still did not comply with the mandatory requirements of Rule 26(a)(2).

11.     It was not until March 3, 2006 – almost a month after Plaintiff's deadline to fully comply with Rule 26(a)(2) and only three days before Standard Fire's deadline to designate a rebuttal expert – that Plaintiff served Standard Fire with a copy of Mr. Allen's "expert report," which Plaintiff has now attached to his summary judgment Brief. Not only was the report untimely, but it also does not contain all of the information required by Rule 26(a)(2)(B).

12.     Despite the fact that Mr. Allen states in his report that "[a]ttached as Exhibit 'B' is a copy of my CV . . .," no such document is attached to the report. Rule 26(a)(2)(B) requires that the report contain "the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years." Mr. Allen's report does not contain this information. Moreover, Rule 26(a)(2)(B) requires that the report contain "the compensation to be paid for the study and testimony." Again, the report does not contain this information. Similarly, Rule

26(a)(2)(B) requires that the report contain "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Again, the report does not contain this information. Accordingly, the report of John Allen, which was belatedly served on Standard Fire, failed to contain essential information required by Rule 26(a)(2)(B).

13.    Finally, on March 13, 2006, Plaintiff served on Standard Fire a copy of Mr. Allen's Curriculum Vitae. This, however, was over a month after Plaintiff's deadline as established by this Court's Scheduling Order, and a week after Standard Fire's deadline to designate a rebuttal expert.[1]

14.    To permit Plaintiff to rely on the report of Mr. Allen in opposition to Standard Fire's Motion for Summary Judgment or at trial would cause manifest prejudice to Standard Fire. The deadlines in this Court's Scheduling Order have meaning, and Plaintiff failed to comply with the requirements set forth therein. As the Advisory Committee Notes make clear, the reason for placing Plaintiff's deadline to designate an expert witness before the defendant's is to ensure that the defendant has an adequate opportunity to name a rebuttal expert. In this case, Plaintiff did not identify Mr. Allen as an expert until two weeks after the expiration of his deadline; did not produce Mr. Allen's report until over four weeks after his deadline (and three days before Standard Fire's deadline); and did not produce Mr. Allen's Curriculum Vitae until five weeks after his deadline (and ten days after Standard Fire's deadline had passed). To this day, even if the designation and the report were not untimely, Mr. Allen's report still does not fully comply with Rule 26(a)(2)(B).

15.    Standard Fire's ability to prepare its defense would be substantially affected if this Court permitted Plaintiff to now offer as evidence in opposition to Standard Fire's Motion for

_____

[1]Even with the untimely addition of Mr. Allen's CV, the report is still lacking in that it fails to contain information regarding his compensation as required by Rule 26(a)(2)(B).

Summary Judgment the untimely and non-compliant "expert report" of John Allen.  Standard Fire

has established in its Motion for Summary Judgment and supporting brief that there are no genuine

issues of material fact and that Standard Fire is entitled to judgment as a matter of law.  Plaintiff is

attempting to use Mr. Allen's report to create questions of fact where none exist, in violation of this

Court's Scheduling Order and the Federal Rules of Civil Procedure.

      16.     Federal Rule of Civil Procedure 37(c)(1) provides that Plaintiff cannot use Mr.

Allen's report as evidence in these proceedings.  The Rule provides, in pertinent part:

> (1)    A party that without substantial justification fails to disclose
> information required by Rule 26(a) or 26(e)(1), or to amend a prior response to
> discovery as required by Rule 26(a)(2), is not, unless such failure is harmless,
> permitted to use as evidence at a trial, at a hearing, or on a motion any witness or
> information not so disclosed.

Fed. R. Civ. P. 37(c)(1).  Plaintiff has no "substantial justification" for failing to comply with this

Court's Scheduling Order and Rule 26(a).  Furthermore, plaintiff's failure to timely disclose Mr.

Allen as an expert and to timely and properly provide Standard Fire with Mr. Allen's report within

the time prescribed by this Court's Scheduling Order was not harmless.  Rather, as described above,

Plaintiff's failure to do so caused prejudice to Standard Fire, and Plaintiff cannot be permitted to

utilize Mr. Allen or his "expert report" as evidence in opposition to Standard Fire's Motion for

Summary Judgment.

**B.**    **John Allen's Report Is Due to Be Struck Because it Contains Inadmissible Legal
Arguments.**

      17.     Even assuming that Mr. Allen's report was not due to be struck because of Plaintiff's

failure to comply with this Court's Scheduling Order and the Federal Rules of Civil Procedure, Mr.

Allen's report is due to be struck because its contents are legal opinions, and federal law prohibits

expert witnesses from including legal argument and conclusions in their testimony.  *See*

7

*Montgomery v. The Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990); *cf. Phillips v. Harris*, 643 So. 2d 974 (Ala. 1994).

18.    In *Montgomery*, the Eleventh Circuit held that, though determinations of the admissibility of evidence are left to the broad discretion of the district court, a district court cannot allow the plaintiff to submit expert testimony on the defendant's legal obligations under an insurance policy. In so holding, the Eleventh Circuit stated:

> An expert may testify as to his opinion on an ultimate issue of fact. Fed. R. Evid. 704. An expert may not, however, merely tell the jury what result to reach. *Id.* [advisory committee notes] (merely telling jury what result to reach is not helpful to the jury and therefore is not admissible testimony). <u>A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law.</u> *United States v. Poschwatta*, 829 F.2d 1477, 1483 (9th Cir. 1987); *United States v. Baskes*, 649 F.2d 471, 479 (7th Cir. 1980). [The plaintiff's expert] testified that in his opinion [that the defendant] had a duty to hire tax counsel in this case. This was a legal conclusion, and therefore should not have been admitted. The district court abused its discretion by allowing [the expert] to testify about the scope of [the defendant insurer's] duty under the policy.

*Montgomery*, 898 F.2d at 1541 (footnotes and internal references omitted) (emphasis added). Further, the Eleventh Circuit noted that the testimony of the plaintiff's expert was inadmissible because it was relevant only the resolution of a legal question, and not to an issue of fact that could be properly presented to the jury. *Id.* at 1541 n.8; *see also, Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1112 (11th Cir. 2005) (noting that "testifying experts may not offer legal conclusions"); *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977) ("Rule 704 abolishes the *per se* rule against testimony regarding ultimate issues of fact. By the same token, however, courts must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the

court in charging the jury regarding the applicable law.")[2]; *Strickland v. Royal Lubricant Co.*, 911 F. Supp. 1460, 1469 (M.D. Ala. 1995) (noting, in *dicta*, that "an expert's legal conclusions are not admissible").

19.     Like the testimony of the plaintiff's experts in *Montgomery*, Plaintiff's report of John Allen in this case consist of legal conclusions and arguments, and, therefore, the report is due to be struck and Mr. Allen's testimony ruled inadmissible.   For example, Mr. Allen reaches the legal conclusion on page 2 of his report that Standard Fire's receipt of Plaintiff's $800.00 check after the deadline for payment "waiv[ed] the due date and accept[ed] the money in consideration of reinstating the policy for six months." (Plaintiff's "Exhibit C" at p. 2).   Likewise, on page 3 of his report, Mr. Allen makes the legal conclusion that "Travelers [sic] failure to notify Mr. Kern and act on notice of a known coverage issues [sic] before the denial would constitute a waiving of issues." (*Id.* at p. 3).

20.     Moreover, Mr. Allen makes the legal concludes on page 3 that Standard Fire's statements regarding the date it received Plaintiff's payment was "a misrepresentation . . ..," and he makes the legal concludes on page 4 that "[t]he acceptance of the premium bound Travelers to provide coverage to Mr. Kern." (*Id.* at pp. 3-4).   Mr. Allen makes the further legal conclusion that "[t]here was coverage at issue and there was no good faith investigation." (*Id.* at p.4).   Mr. Allen continues with his legal conclusions, stating that "Travelers intentionally misrepresented the facts as they relate to the date the check was deposited in an effort to show the check was no received or deposited until after the loss." (*Id.* at p.4).   Finally, Mr. Allen states the legal conclusion that "Mr.

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981).

Kern was due full coverage under the policy . . .." (*Id.* at p.4).

21.    As the Eleventh Circuit held, an expert witness "may not testify to the legal implications of conduct; the court must be the jury's only source of law." *Montgomery,* 898 F.2d at 1541. In the present case, Mr. Allen's report is replete with legal conclusions and statements of the legal implications of Standard Fire's alleged conduct. As such, Mr. Allen's report is due to be struck as violative of the Federal Rules of Evidence and the binding precedent of the Eleventh Circuit.

WHEREFORE, PREMISES CONSIDERED, Standard Fire respectfully requests that this Honorable Court strike John Allen's expert report attached as "Exhibit G" to Plaintiff's Statement and Brief in Opposition to Defendant's Motion for Summary Judgment. Moreover, Standard Fire respectfully requests that this Honorable Court strike any and all portions of Plaintiff's Statement and Brief in which Plaintiff cites or relies upon John Allen's report.

Respectfully submitted,

 s/Joel S. Isenberg
Brenen G. Ely (0366-E54B)
Joel S. Isenberg (8855-N76J)
Attorneys for Defendant The Standard Fire Insurance
Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
(205) 802-2214
(205) 879-4445 (FAX)

10

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

|     |                 |
|-----|-----------------|
| _____ | Hand-delivery |
| _____ | U. S. Mail |
| _____ | Federal Express |
| _____ | Facsimile |
| ___x_____ | E-file |

on this the 30th day of May, 2006.

s/ Joel S. Isenberg

OF COUNSEL

cc:
Christopher E. Sanspree
Beasley, Allen, Crown, Methvin
 Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 36103

Gary E. Atchison
429 South Court Street
Montgomery, AL 36102

11