# ATTACHMENT

- "The [December 22, 2004] Offer to Reinstate offered to reinstate his policy as if there had been no interruption in coverage if Mr. Kern paid a minimum premium payment of $445.59 by January 11, 2005." (*Id.* at p.3).

- "Mr. Kern did not pay the minimum premium payment of $445.59 by January 11, 2005." (*Id.* at p.3).

Plaintiff admits that his policy expired on November 11, 2004. He admits he received an Offer to Reinstate from Standard Fire on or about December 22, 2004. He admits that the Offer to Reinstate clearly showed that the policy would only be reinstated if he paid the premium amount by the payment deadline of January 11, 2005. He admits that he did not pay any premium by the January 11, 2005 deadline.

Furthermore, it is undisputed for purposes of summary judgment that, as Plaintiff testified in his deposition, he telephoned his insurance agent, Colonial Insurance Agency and not Standard Fire, upon receipt of the Offer to Reinstate. (*See* Standard Fire's **Exhibit 1** at pp.46-47, 58; *see also* Standard Fire's Statement of Undisputed Fact at p. 5, n.1). Despite Plaintiff's attempt to create a question of fact with a contradictory statement in his subsequent affidavit (which is the subject of Standard Fire's Motion to Strike), it is further undisputed that Plaintiff does not know when he spoke with Colonial regarding the Offer to Reinstate -- he does not know whether it was prior to the January 11, 2005 deadline, or after the deadline. (*See, e.g.,* Standard Fire's **Exhibit 1** at pp. 108-110.).

<u>**REPLY TO PLAINTIFF'S ARGUMENT**</u>

A.  <u>**BREACH OF CONTRACT**</u>

As Standard Fire set forth in its principal brief, Standard Fire is due summary judgment on Plaintiff's breach-of-contract claim because Plaintiff cannot carry his burden of proving the