IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WEELAPAN KERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | |
| STANDARD FIRE INSURANCE ) | 2:05-CV-00698-DRB |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## STANDARD FIRE'S RESPONSE TO PLAINTIFF'S NOTICE OF WITHDRAWAL OF AFFIDAVIT OF EXPERT JOHN ALLEN

COMES NOW the defendant, The Standard Fire Insurance Company (hereinafter referred to as "Standard Fire"), and states as follows in response to Plaintiff's Notice of Withdrawal of Affidavit of Expert John Allen:

1. Standard Fire does not object to "Plaintiff's Notice of Withdrawal" to the extent Plaintiff seeks to withdraw the testimony of Plaintiff's purported expert, John Allen.[1] Plaintiff concedes that the testimony is due to be withdrawn because Mr. Allen's report contains "obvious legal conclusions." While Standard Fire agrees with Plaintiff's withdrawal of the testimony, Plaintiff makes other, broader assertions in the Notice to which Standard Fire objects.

2. Plaintiff asserts that the Notice of Withdrawal renders all of the issues raised in the Standard Fire Motion to Strike moot, and requests that this Court deny Standard Fire's Motion as

---

[1] Plaintiff's Notice withdraws Mr. Allen's "affidavit." As will be addressed below, it is unclear from Plaintiff's Notice whether he intends to withdraw Mr. Allen's testimony as a whole (his report and affidavit) or simply his affidavit. However, Standard Fire proceeds under the fair reading of the Notice, which, taken as a whole, indicates that Plaintiff intends to withdraw all of Mr. Allen's testimony.

moot. For the reasons set forth in Standard Fire's Motion and as set forth below, Standard Fire respectfully requests that, even in light of Plaintiff's Withdrawal, this Court grant Standard Fire's Motion to Strike.

3. In Plaintiff's evidentiary submission in opposition to Standard Fire's Motion for Summary Judgment, Plaintiff submitted a group of documents from Mr. Allen to which Plaintiff collectively refers as "Exhibit G." Included in "Exhibit G" is Mr. Allen's alleged expert report, his Curriculum Vitae, and his authenticating affidavit. In its Motion to Strike, Standard Fire requested that this Court strike the "Expert Report of John Allen . . . attached as 'Exhibit G.'" In Plaintiff's Notice of Withdrawal, Plaintiff "gives notice of the withdrawal of the affidavit of claims expert John H. Allen," but mentions nothing of the expert report. While it appears that Plaintiff intends to withdraw the entire set of documents contained in Exhibit G, including the purported expert report, the Notice of Withdrawal speaks only to Mr. Allen's affidavit. The affidavit, in and of itself, only serves to authenticate the report and is not the document at the heart of the Standard Fire Motion to Strike.

4. Plaintiff asserts that his concession that Mr. Allen's "affidavit" contains legal conclusions renders all of the arguments in the Motion to Strike moot. Standard Fire's Motion to Strike, however, contained numerous grounds to strike, only one of which is addressed in Plaintiff's Notice of Withdrawal.

5. In addition to Standard Fire's objection to Mr. Allen's testimony based on the obvious legal conclusions, Standard Fire also asserted that the Mr. Allen's purported expert report should be struck (1) because Plaintiff did not timely and properly designate Mr. Allen as an expert pursuant to this Court's Scheduling Order and Federal Rule of Civil Procedure 26; and (2) because

Mr. Allen's belated report does not comply with Rule 26 (a)(2). Therefore, Standard Fire's Motion to Strike should not be denied as moot. Rather, Standard Fire is due an order from this Court striking Mr. Allen's entire report for the grounds set forth in the Motion to Strike.

6.   Moreover, the issues raised in Standard Fire's Motion to Strike are presently and properly before this Court. If Standard Fire does not obtain a ruling at this stage in the proceedings, then Standard Fire will be required to raise the issues again in a future motion before this Court if the case continues past the summary judgment stage.

7.   Finally, Standard Fire requested in its Motion to Strike that this Court not only strike John Allen's purported expert report, but also strike all portions of Plaintiff's Statement and Brief that rely on Mr. Allen's report (or, as Plaintiff designated it in his brief, "Exhibit G"). Simply denying Standard Fire's Motion to Strike as moot will not address Standard Fire's request that this Court strike those portions of Plaintiff's brief that rely upon Mr. Allen's legal-conclusion testimony. Given that a significant portion of Plaintiff's Statement and Brief, including facts and argument, rely on Mr. Allen's testimony, Standard Fire is entitled to an Order granting its Motion to Strike.

WHEREFORE, PREMISES CONSIDERED, Standard Fire respectfully requests that this Honorable Court grant Standard Fire's Motion to Strike, as the issues referenced in the Motion and set forth above have not been mooted by Plaintiff's Notice of Withdrawal.

Respectfully submitted,

s/Joel S. Isenberg
Brenen G. Ely (0366-E54B)
Joel S. Isenberg (8855-N76J)
Attorneys for Defendant The Standard Fire Insurance Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, Alabama 35209
Phone: (205) 802-2214
Fax: (205) 879-4445

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

|   |   |
|---|---|
| _____ | Hand-delivery |
| _____ | U. S. Mail |
| _____ | Federal Express |
| _____ | Facsimile |
| \_\_x\_\_\_ | E-file |

on this the 5th day of June, 2006.

                                                  s/ Joel S. Isenberg
                                                  OF COUNSEL

cc:
Christopher E. Sanspree
Beasley, Allen, Crown, Methvin
 Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 36103

Gary E. Atchison
429 South Court Street
Montgomery, AL 36102