IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WEELAPAN KERN; | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No. |
| vs. | * | 2:05-cv-698-DRB |
| | * | |
| STANDARD FIRE INSURANCE | * | |
| COMPANY; ET AL., | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S RESPONSE TO THIS COURT'S ORDER
TO SHOW CAUSE AS TO WHY THE AFFIDAVIT AND REPORT OF EXPERT
JOHN H. ALLEN SHOULD NOT BE STRICKEN FROM THE RECORD**

COMES NOW the Plaintiff and hereby responds to this Court's Order to Show Cause as to why the affidavit and expert report of John H. Allen should not be stricken from the record by showing unto the Court the following:

1). The above styled action was originally filed on or about June 28, 2005 in the Circuit Court for Montgomery County, Alabama, along with Plaintiff's discovery requests and deposition notices to Defendant standard Fire. (Complaint and Discovery, collectively attached as Exhibit "A").

2). Defendant Standard Fire was served with all of the above on June 30, 2005, and removed said action to The United States District Court for the Middle District of Alabama, Northern Division on or about July 28, 2005. (Removal, Exhibit "B").

3). Plaintiff's counsel consented to this Court's jurisdiction and counsel for all parties met and subsequently filed their Report of Parties' Planning Meeting with this Court on September 30, 2005. (Exhibit "C").

4).  As a result, because this case was removed with outstanding discovery, the time for responding to the discovery requests is measured from the date of the parties' planning meeting, which was September 30, 2005, as stated above.  *See* Rule 81(c) providing that these rules govern after removal.  *Commentary of 1993 Amendments to Rule 34 of the Federal Rules of Civil Procedure, Page 188, West's Federal Rules of Civil Procedure, 2004 Edition.  See also, Page 186, providing the same commentary for Rule 33*.  Defendant Standard Fire's discovery responses would then therefore have been due on or before **October 31, 2005**.

5).  On or about October 31, 2005, Counsel for Defendant Standard Fire served Plaintiff's counsel with its objections to Plaintiff's discovery requests and asked Plaintiff's counsel for an additional thirty (30) days to provide proper responses to said discovery requests.  Counsel for Plaintiff graciously agreed to allow Defense counsel the additional thirty (30) days as requested.  This would have made Defendant Standard Fire's discovery responses due on or about **December 1, 2005**.[1]  (Objections, Exhibit "D").

6).  However, Defendant Standard Fire did not provide Plaintiff's counsel with proper discovery responses by **December 1, 2005**, but reassured Plaintiff's counsel that discovery responses would be forth coming.  It is important for the Court to note that absolutely no documents or discovery responses had been provided to Plaintiff's counsel at this time.  In addition thereto, counsel for Defendant had failed to provide Plaintiff's counsel with its initial disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure. (Affidavit, Exhibit "E").

---

[1] **The importance of this date will become apparent in the body of this responsive pleading below.**

7). On or about **February 7, 2006**, counsel for Defendant Standard Fire finally placed in the mail its discovery responses to Plaintiff's discovery requests. (Discovery Responses, Exhibit "F"). It is important to note that the discovery responses had been signed and notarized by Defendant Standard Fire and its counsel of record on **December 1, 2005**, but was not mailed until **February 7, 2006**, which is the day after Plaintiff's expert disclosure deadline had passed. (Exhibit "F"). Please specifically note Defendant Standard Fire's responses to interrogatory numbers six (6), nine (9) and ten (10). (Exhibit "F"). The names of its potential witnesses to be called were still being secreted from Plaintiff's counsel. In addition, Defendant still had not provided Plaintiff's counsel with its initial disclosures. (Affidavit, Exhibit "E").

8). Upon receipt of Defendant Standard Fire's discovery responses and production of documents, Plaintiff's counsel reviewed, copied and forwarded the same to its expert for review and a report was provided to Defense counsel on or about **March 3, 2006**.[2] (Expert Report, Exhibit "GI").

9). Counsel for Defendant subsequently called Plaintiff's counsel and requested additional time to gather the necessary evidence and prepare and file its Motion for Summary Judgment. Plaintiff's counsel again agreed to allow additional time and agreed not to oppose any motion to extend deadlines filed by counsel for Defendant.

10). On or about **March 23, 2006**, counsel for Defendant Standard Fire mailed to Plaintiff's counsel a pleading titled "Supplemental Initial Disclosures" and only disclosed the name of Becky Bryant of Colonial Insurance Agency as a potential witness. (Exhibit "H"). It is important to note that even though this pleading is titled "Supplemental Initial

---

[2] **Having an expert review documents and obtaining an expert report on the same in this short of time is almost unheard of.**

Disclosures" this is the first and only time Plaintiff had been provided with any disclosure of any potential witnesses whatsoever. (Affidavit, Exhibit "E").

11). On or about **March 31, 2006**, Defense counsel filed its unopposed Motion for Extension of Time with this Court. (Motion, Exhibit I").

12). On or about **April 19, 2006**, counsel for Defendant Standard Fire filed its Motion for Summary Judgment and attached thereto the supporting affidavits of a lady by the name of Cheryl Azar, and a man by the name of Steven Herron. (Affidavits, collectively attached as Exhibit "J"). Again, however, at no time prior to filing these supporting affidavits were the identities of these individuals disclosed to Plaintiff's counsel as potential witnesses. (Affidavit, Exhibit "E").

13). Instead of moving to strike the Defendant's supporting affidavits, Plaintiff's counsel chose to allow the Court to decide the issues of this case based upon the merits and simply filed its Opposition to Summary Judgment along with its supporting evidence and the expert report and affidavit of John H. Allen.

14). In response, counsel for Defendant Standard Fire filed a Motion to Strike the expert report of John H. Allen and represented to this Court that had been unfairly prejudiced because it was not provided a copy of said expert report until after the disclosure deadline had passed. However, as set forth above, counsel for Defendant had intentionally squirreled away and refused to produce any of the documents that were responsive to Plaintiff's discovery requests until after the Plaintiff's expert disclosure deadline had passed, even though the discovery responses had been signed and notarized by both the Defendant and counsel for Defendant over two (2) months prior, on **December 1, 2005**. (Exhibit "F").

15). Plaintiff's counsel is at a loss as to exactly why opposing counsel would take the path it has chosen regarding its Motion to Strike given Plaintiff's counsel's continued spirit of cooperation with counsel for Defendant. Plaintiff's counsel can only speculate that it is simply an attempt to muddy the water with this Court and to "poison the well" before counsel for Defendant's own failure to comply with both this court's scheduling order and the Federal Rules of Civil procedure are brought to light. Any prejudice that counsel for Defendant is now experiencing is a direct result of its own conduct, intentional or otherwise. As a result, counsel for Defendant should be estopped from now claiming unfair prejudice. [3]

WHEREFORE, PREMISES CONSIDERED, Defendant's Motion to Strike the Expert Report of John H. Allen and accompanying affidavit is due to be denied.

*/s/ Christopher E. Sanspree*
CHRISTOPHER E. SANSPREE (SAN048)
Attorney for Plaintiff

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 (Fax)

---

[3] **Plaintiff's counsel now realizes that he should not have been so cooperative with counsel for Defendant and should have filed a Motion to Compel the discovery responses and asked this Court for an extension of time to prepare and provide the expert report of John H. Allen. Plaintiff's counsel erroneously believed that he would be extended the same courtesies he had extended to counsel for Defendant given the late production by Defendant of discovery documents. Because Plaintiff's counsel was trusting and naïve, he did not file a Motion to Compel against counsel for Defendant and did not ask this Court for an extension. Consequently, Plaintiff's counsel had no choice but to file a Notice of Withdrawal of John H. Allen's expert report and accompanying affidavit when Defense counsel filed its Motion to Strike.**

Mr. Gary E. Atchison
Attorney at Law
Post Office Box 2002
Montgomery, Alabama 36102-2002

## CERTIFICATE OF SERVICE

      I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Defendants of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the **6th** day of **June 2006**.


                                              */s/ Christopher E. Sanspree*
                                              OF COUNSEL

Brenen G. Ely
Joel Isenberg
**SMITH & ELY, LLP**
2000 A. Southbridge Parkway, Ste 405
Birmingham, Alabama 35209
205-802-2214
205-879-4445 fax