IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

PLEASE STAMP AND RETURN

| | |
|---|---|
| WEELAPAN KERN; | * |
| | * |
| | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *      CIVIL ACTION NO. CV-05 |
| | * |
| STANDARD FIRE INSURANCE | * |
| COMPANY; | * |
| Fictitious Defendants | * |
| "A", "B", and "C", whether singular | * |
| or plural, those other persons, | * |
| corporations, firms or other entities | * |
| whose wrongful conduct caused | * |
| or contributed to cause the injuries | * |
| and damages to the Plaintiff, all of | * |
| whose true and correct names are | * |
| unknown to Plaintiff at this time, | * |
| but will be added by amendment | * |
| when ascertained, | * |
| | * |
| Defendants. | * |

2005 JUN 27 PM 3:54
FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

## COMPLAINT

## STATEMENT OF THE PARTIES

1.    Plaintiff Weelapan Kern is over the age of nineteen years and is a resident

citizen of Montgomery County, Alabama.

2.    Defendant Standard Fire Insurance Company (hereinafter referred to as

"Standard") is a foreign corporation doing business by agent in Montgomery County,

Alabama.

3.    Fictitious Defendants "A", "B", and "C" whether singular or plural, are those

other persons, firms, corporations, or other entities whose wrongful conduct caused or

contributed to cause the injuries and damages to the Plaintiff, all of whose true and



EXHIBIT
A

correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

4.    In or around November 11, 2004, Plaintiff purchased a automobile insurance policy from Defendant Standard Fire Insurance Company to cover and/or insure his 2001 Mitsubishi Montero, to wit policy No. OTR786-975499318-1, and maintained aforementioned policy by paying the necessary premiums to keep said policy in force.

5.    On or about February 5, 2005, Plaintiff was involved in a three car accident in which Plaintiff's automobile, as well as two (2) other vehicles, sustained damage.

6.    Plaintiff subsequently contacted Defendant Standard and filed a claim for benefits due under their policy of insurance as a result of aforesaid automobile accident

7.    However, at all times material hereto Defendant Standard has failed and/or refused to pay for said covered damages and losses.

## COUNT ONE

8.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

9.    At all times herein, Defendant Standard was under a contractual obligation to pay benefits owed to Plaintiff under the aforementioned automobile policy of insurance.

10.    Defendant Standard breached its contractual obligations by failing and refusing to properly pay the benefits due thereunder as set forth above.

11.    As a proximate consequence of Defendant Standards breach, Plaintiff was injured and damaged as follows: Plaintiff's covered automobile has not been repaired as promised; Plaintiff has been exposed to unnecessary liability as it relates to the other

vehicle(s) involved in accident; Plaintiff's Alabama drivers license has been revoked; Plaintiff has suffered mental anguish and emotional distress and will continue to do so; and Plaintiff was otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendant Standard in such an amount of compensatory damages as a jury deems reasonable, and may award, plus costs not to exceed $74,999.

## COUNT TWO

12.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

13.    At all material times herein, Defendant Standard was under a duty to use good faith in handling Plaintiff's claim.

14.    Defendant Standard has intentionally, and in bad-faith, failed and/or refused to fully investigate and/or pay the benefits due under the aforesaid policy of insurance as set forth above.

15.    As a proximate consequence, Plaintiff was injured and damaged as set forth in paragraph 11 above.

WHEREFORE, Plaintiff demands judgment against Defendant Standard in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs not to exceed $74,999.

_____
JERE L. BEASLEY (BEA020)
W. DANIEL "DEE" MILES, III, (MIL060)
CHRISTOPHER SANSPREE (SAN048)

3

OF COUNSEL:

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
P. O. Box 4160
272 Commerce Street (36104)
Montgomery, Alabama  36103-4160
(334) 269-2343
(334) 954-7555 facsimile

**GARY E. ATCHINSON**
Attorney At Law
429 South Court Street
Montgomery, Alabama 36102
Phone (334) 262-7232

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS
CAUSE.

OF COUNSEL

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

*PLEASE STAMP AND RETURN*

WEELAPAN KERN;                          *
                                        *
                                        *
Plaintiff,                              *
                                        *
vs.                                     *       CIVIL ACTION NO. CV-05
                                        *
STANDARD FIRE INSURANCE                 *
COMPANY; ET AL.,                        *
                                        *
Defendants.                             *

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT STANDARD FIRE INSURANCE COMPANY

Pursuant to Rule 33 of the Alabama Rules of Civil Procedure, Plaintiff propounds the following interrogatories and requests for production to be answered by Standard Fire Insurance Company, (hereinafter referred to as "Standard"), a party-defendant, in the manner and form prescribed by law:

### INTERROGATORIES

1.    Identify the name of the person preparing the answers to these interrogatories and identify any person aiding in the preparation.

2.    Please state the legal name of this Defendant.

3.    If this Defendant is a corporation, please identify the state in which this Defendant was incorporated and the state in which this Defendant has its principal place of business.

4.    If this Defendant has ever been sued for fraud and/or breach of contract for failure to pay a claim in the past ten (10) years, please state:

     a.     When was such suit filed?

     b.     Who made such claim or filed such suit, giving the address of the person who made such claim?

     c.     Please produce documents showing such.

     d.     The lawyer's name and address that sued this Defendant.

     e.     Please provide a copy of the complaint.

5.     Explain the relationship between this Defendant and all other Defendants.

6.     State the name, address, and job title of each person, now known to this Defendant, who has any knowledge or information relating to the incident and allegations made the basis of the Plaintiffs' Complaint.

7.     Identify all persons who have any knowledge or witnessed the execution of documents by Plaintiff.

8.     State the names and addresses of any and all persons with whom this Defendant has consulted as an expert witness and their opinion.

9.     State the names of all employees of this Defendant who had any contact with the Plaintiffs at any time and describe the contact.

10.     Prior to the institution of this action, did you or anyone on your behalf make any investigation to determine whether or not there was, in fact, a valid claim presented by the Plaintiffs?  If so, please state:

     a.     The person making such investigation;

     b.     The date on which such investigation was performed;

     c.     The results of such investigation.

11.    Please state the name, address, and specify duties of any and all persons associated with the Defendant who participated in the issuance, processing, or approval of the policy of insurance, issued to Plaintiff, along with a detailed description of their participation.

12.    Please state which, if any, premiums of Plaintiffs' insurance policy were due or unpaid prior to the filing of this lawsuit.

13.    If this Defendant has ever received any complaints, written or verbal, about the agent that dealt with Plaintiffs, please give the substance of those complaints in detail.

14.    Please state the names, addresses and telephone numbers of all current and former employees of this Defendant's office in Montgomery County or the office in charge of Montgomery County.

15.    List each person from whom a statement has been taken by this Defendant.

16.    Had this Defendant done any investigation of Plaintiffs' claim prior to this lawsuit?  If so, please explain your answer in detail.

17.    Please state the name of any liability insurance company that provides coverage for any portions of the Plaintiffs' Complaint.  State the amount of coverage you have.

18.    Has this Defendant had any complaints filed against them with any agency of the State of Alabama or federal government?  If so, explain the basis of such complaint(s) and the result(s).

19.    Has this Defendant ever been investigated by or had their license suspended or revoked by any state or federal agency?  If so, explain the circumstances regarding the incidents(s) in detail.

3

20.    Please state the name, address and telephone number of all life insurance policyholders for this Defendant in the State of Alabama for the past eight (8) years.

21.    State the name and job title of the person who denied the claim and state the reason for denial.

22.    State in detail why the Plaintiffs' claim was denied or has been denied.

23.    State this Defendant's basis for denying the Plaintiffs' claim(s).

24.    State each fact upon which this Defendant relies on for denial of Plaintiffs' claim(s) and the source of any said facts.

25.    State the name and address of each witness who can or will support Defendant's denial, basis of denial and/or facts surrounding denial of Plaintiffs' claim(s).

26.    State and identify every document and its location which this Defendant contends supports its basis for denying Plaintiffs' claim(s).

27.    Does more than one claims file exist on the Plaintiffs in regard to the claim(s) in this lawsuit?

28.    Does a separate investigation file exist on this Plaintiffs or the claims which are the subject of this lawsuit?

29.    Are any documents being withheld in regard to the Plaintiffs or the claim in this lawsuit from any files maintained by this Defendant? If so, identify each document, its location, and the basis for non-production.

30.    Are there any electronic communications (computer or otherwise) concerning Plaintiffs' claim(s) that this Defendant has not printed and produced? If so, identify each document, its location, and the basis for non-production.

31.    Is there a separate adjuster diary, log, list, notes, etc. which references Plaintiffs' claim(s) which are the subject of this lawsuit? If so, identify each document, its location, who maintains it, and the basis for non-production.

## SPECIFIC DOCUMENTS REQUESTED

In addition to documents requested hereinabove, Plaintiffs specifically requests that this Defendant produce the following:

1.    The complete claims file.

2.    The complete claims adjuster's file.

3.    The complete underwriting file.

4.    Names, addresses, and positions with each Defendant of each and every person who in any way worked with Plaintiffs' claim or claims.

5.    A list of names, addresses, and policy numbers of all individuals who have been denied coverage for claims that pertain to insurance claims, whose policies are similar to Plaintiffs' prior to Plaintiffs' claim or claims in Alabama, during the last five years.

6.    All promotional literature explaining the type of policy which was sold to Plaintiffs.

7.    Sales pamphlets pertaining to the type of policy sold to Plaintiffs.

8.    All claims manuals, procedural manuals, operational manuals, or other documents of whatever kind which direct or instruct employees with respect to responsibilities concerning the handling of claims.

9.    All correspondence, memoranda, reports, statements, acknowledgments, instructions, directives, cards, and other written documents relating to or mentioning Plaintiffs.

5

10.    All correspondence, memoranda, reports, statements, acknowledgments, instructions, directives, cards, and other written documents relating to the insurance policy issued to Plaintiffs.

11.    All correspondence, memoranda, reports, statements, acknowledgments, instructions, directives, cards, and other written documents relating to the claim or claims filed by Plaintiffs or on behalf of the Plaintiffs.

12.  Any complaints filed against this Defendant concerning policies like that of Plaintiffs, or similar thereto, with any State Insurance Department or other entities to the present date.

13.  Any and all documents of whatever type filed with the Alabama Insurance Department or a similar regulatory agency of any state relating to the policy of insurance sold to Plaintiffs.

14.    Testimony and documents evidencing or relating to any reprimands, actions, or complaints, or disciplinary actions taken against this Defendant by the Insurance Department or Attorney General of any state in the United States of America including Alabama.

15.    Please provide a list of all people in the Underwriting Department who have knowledge of this particular policy.

16.    Please provide copies of all files maintained by this company regarding the Plaintiffs' policy and provide a list of where each file is kept, giving the full name of the person whose custody said file is in, and their job title, address and telephone number.

17.    Produce a copy of all correspondence between this Defendant and the Insurance Department for the State of Alabama and/or any other state insurance department

in which this Defendant does business concerning any complaints, lawsuits or claims made by a policyholder, insured or assignee, which have been denied by this Defendant.

18.    Attach a copy of the Curriculum Vitae for any expert witness you expect to call as a witness at the trial of this case.

19.    All policies ever issued to any Plaintiffs including the policy number.

20.    All checks ever written to Plaintiffs.

21.    All documents showing amount Plaintiffs paid at each interval.

22.    All documents that have a signature on them that appear to be that of Plaintiffs or Plaintiffs' family members.

23.    All letters to Plaintiffs or Plaintiffs' family from this Defendant.

24.    The entire file dealing with Plaintiffs.

25.    Any documents which mention Plaintiffs.

26.    A copy of all policies ever issued to Plaintiffs or Plaintiffs' family members.

27.    A copy of all applications ever signed or purportedly signed by Plaintiffs or Plaintiffs' family members.

_____
CHRISTOPHER E. SANSPREE (SAN048)

OF COUNSEL:

**BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, AL. 36103
(334) 269- 2343
(334) 954-7555 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Defendants of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the <u>27</u> day of _____, 2005.

_____
OF COUNSEL

8