IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WEELAPAN KERN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO._____ |
| | ) | |
| STANDARD FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

Comes now Defendant The Standard Fire Insurance Company ("Standard Fire") and files this Notice of Removal of this action from the Circuit Court of Montgomery County, Alabama (CV-05-1586) to the United States District Court for the Middle District of Alabama, Northern Division, and shows unto the Court the following:

I.

The above-entitled action was commenced in the Circuit Court of Montgomery County, State of Alabama, on June 28, 2005, and is now pending therein. A copy of the Plaintiffs' complaint is attached hereto as Exhibit "A." Defendant Standard Fire was served with the Complaint on June 30, 2005. The removal of this case to this Court is timely pursuant to 28 U.S.C. Section 1446(a).

II.

Copies of all process, pleadings and orders served on or by Defendant Standard Fire in said action are attached hereto as Exhibit "A."

RECEIVED

EXHIBIT
B

III.

This action is one of a civil nature over which the District Court of the United States has original jurisdiction because of the diversity of citizenship, pursuant to 28 U.S.C. Section 1332.

IV.

The Plaintiff, Weelapan Kern, at the time of this action, and since that time, is a resident of the State of Alabama.

V.

Defendant Standard Fire, at the time of the commencement of this action, and since that time, was and is now a corporation organized and existing under the laws of the State of Connecticut and was not at the time of the commencement of this action, nor at any time, a citizen or resident of the State of Alabama.

VI.

Defendant Standard Fire and the Plaintiff are citizens of different states. Accordingly, complete diversity exists pursuant to 28 U.S.C. Section 1332(a).

VII.

The matter in dispute in the Plaintiff's Complaint exceeds the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs. In his Complaint, the Plaintiff sets forth separate claims of breach of contract and bad faith against Defendant Standard Fire. With regard to his breach-of-contract claim, the Plaintiff specifically requests compensatory damages, plus costs, in an amount up to $74,999. With regard to his bad-faith claim, the Plaintiff makes an additional, separate request for compensatory and punitive damages, plus costs, in an amount up to $74,999. The Plaintiff has not limited his total demand to less than $75,000; rather, it appears that

he is requesting two, separate damage awards of $74,999 each. Based on the allegations in the Complaint, the Plaintiffs seek damages in excess of the jurisdictional limit of this Court.[1]

WHEREFORE PREMISES CONSIDERED, the Petitioner, The Standard Fire Insurance Company, prays that this Honorable Court take jurisdiction of this cause and issue all necessary orders and process in order to remove the above-referred action from the Circuit Court of Montgomery County, Alabama to this Court.

Respectfully submitted,

_____
Brenen G. Ely, 0366-E54B
Joel S. Isenberg, 8855-B76J
Attorneys for Defendant The Standard Fire Insurance Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, Alabama 35209
Phone: (205) 802-2214
Fax: (205) 879-4445

---

[1] If Defendant Standard Fire has misinterpreted the Plaintiff's Complaint, and the Plaintiff files a pleading with this Court and executes an affidavit that he is not seeking, nor will he ever accept, a total damage award for all of his claims against Defendant Standard Fire in excess of $74,999, this case may be subject to remand to State Court. See Brooks v. Pre-Pair Legal Services., Inc., 153 F. Supp. 2d 1299 (M.D. Ala. 2001) (DeMent, J). In the event that the Plaintiff makes this stipulation and this Court determines that the case is due to be remanded to state court, Defendant Standard Fire respectfully requests that this Court enter an Order, pursuant to Judge DeMent's opinion in Brooks, capping the Plaintiff's damages at $74,999 and maintaining jurisdiction over this matter to enter sanctions should the Plaintiff disregard his stipulation.

3

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| __X__ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| _____ | E-File |

on this the 26th day of July, 2005.

_____
OF COUNSEL

cc:

Christopher E. Sanspree
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103