IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WEELAPAN KERN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. CV-05-B-698 |
| | ) |
| STANDARD FIRE INSURANCE COMPANY; ET AL., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
OBJECTIONS TO PLAINTIFF'S FIRST DISCOVERY REQUESTS**

Comes now the Defendant The Standard Fire Insurance Company ("Standard Fire") and hereby serves its objections to Plaintiff's First Set of Interrogatories and Request to Production to Defendant:

**GENERAL OBJECTIONS**

1. Standard Fire objects, generally, to these requests on the basis that the requests are vague, ambiguous, overly broad, and are beyond the scope of discovery.

2. Standard Fire objects to each and every request to the extent that the information or documents sought, if any, were obtained and prepared in anticipation of litigation or for trial, and Plaintiff has made no showing that he has substantial need for the materials or information in the preparation of his case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials or information by other means.

3. Standard Fire objects to each and every request to the extent that the information or documents sought, if any, are privileged and are not discoverable under Rule 26(b)(3) of the *Federal*



*Rules of Civil Procedure*, and *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385(1947).

4. Standard Fire objects to each and every request to the extent that the information or documents sought, if any, are protected by the attorney-client privilege or work product immunity or other applicable privileges or immunities.

5. Standard Fire objects to each and every request to the extent that the information or documents sought, if any, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

6. Standard Fire objects to each and every request to the extent that it seeks discovery that is unreasonably cumulative or is a request for information that is equally available to Plaintiff, and the burden on Plaintiff to obtain the requested information or documents is no greater than the burden on Standard Fire.

7. Standard Fire objects to each and every request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome, expensive, harassing, and beyond the permissible scope of discovery under the *Federal Rules of Civil Procedure*.

8. Standard Fire objects to each and every request to the extent that it seeks documents that are not in Standard Fire's possession, custody, or control.

9. Standard Fire objects to each and every request to the extent that it seeks information that is a trade secret or other confidential research, development, or proprietary information, including confidential policyholder information.

10. Standard Fire objects to each and every request to the extent that it seeks an answer involving an opinion or a contention that relates to fact or the application of law to fact.

11. Standard Fire objects to each and every request to the extent that the requests are not

limited by reference to a relevant time period and are not reasonably limited in geographic scope.

12. Standard Fire objects to each and every request to the extent they seek information and/or documents concerning claims against, coverages provided to, demands for coverage by, or litigation involving insureds other than Plaintiff, on the grounds that such information and/or documents are neither relevant to this litigation nor likely to lead to the discovery of admissible evidence. Standard Fire further objects to such requests as they seek information and/or documents that are confidential, commercial, or otherwise proprietary to insureds other than Plaintiff's and that could not be produced by Standard Fire without the prior consent of such insureds and, where appropriate, prior order of court. Finally, Standard Fire objects to such requests as being overly broad and unduly burdensome because they would require Standard Fire to search every office file involving every insured to who it issued a Standard Fire contract to determine whether information and/or documents responsive to the requests even exist.

13. Standard Fire objects to each and every request to the extent they seek confidential business information and/or documents of a proprietary nature concerning, among other things and without limitation, internal policies and procedures, whether memorialized in writing or manuals or otherwise. Standard Fire also objects to Plaintiff's requests to the extent that they seek information and/or documents are neither relevant to any issue in this litigation nor likely to lead to the discovery of admissible evidence.

14. Standard Fire objects to each and every request as being overly broad and unduly burdensome to the extent they encompass persons or entities that are neither a party to this action nor an insured under the insurance contracts at issue in this case.

15. Standard Fire objects to each and every request to the extent they seek information

and/or documents that would violate any constitutional, statutory, common law, or other privacy interest of any current or former employee, representative, or insured of Standard Fire.

Respectfully submitted,

_____
Brenen G. Ely (0366-E54B)
Joel S. Isenberg (8855-N76J)
Attorneys for Defendant The Standard Fire Insurance Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
(205) 802-2214
(205) 879-4445 (FAX)

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

|       |                        |
|-------|------------------------|
| ____  | Hand-delivery to office |
| ____  | Personally             |
| X     | U. S. Mail             |
| ____  | Federal Express        |
| ____  | Facsimile              |
| ____  | E-file                 |

on this the 31st day of October, 2005.

_____
OF COUNSEL

cc:
Christopher E. Sanspree
Beasley, Allen, Crown, Methvin
 Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 36103

Gary E. Atchison
429 South Court Street
Montgomery, AL 36102