IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WEELAPAN KERN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| STANDARD FIRE INSURANCE | ) |
| COMPANY, | ) CV-05-B-698 |
| Et al., | ) |

## DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

Comes now the Defendant The Standard Fire Insurance Company ("Standard Fire") and hereby serves the following responses and objections to Plaintiff's First Set of Interrogatories and Request for Production:

### GENERAL OBJECTIONS

Standard Fire incorporates its General Objections to Plaintiff's First Set of Interrogatories and Request for Production, previously served on the Plaintiff, as if fully set forth herein. In addition, Standard Fire responds as follows to Plaintiff's First Set of Interrogatories and Request for Production:

### INTERROGATORIES

1. Identify the name of the person preparing the answers to these interrogatories and identify any person aiding in the preparation.
**RESPONSE:** Richard Finchum

2. Please state the legal name of this Defendant.



1

**RESPONSE:** The Standard Fire Insurance Company.

3. If this Defendant is a corporation, please identify the state in which this Defendant was incorporated and the state in which this Defendant has its principal place of business.

**RESPONSE:** Connecticut.

4. If this Defendant has ever been sued for fraud and/or breach of contract for failure to pay a claim in the past ten (10) years, please state:

    a. When was such suit filed?

    b. Who made such claim or filed such suit, giving the address of the person who made such claim?

    c. Please produce documents showing such.

    d. The lawyer's name and address that sued this Defendant.

    e. Please provide a copy of the complaint.

**RESPONSE:** Standard Fire objects to this interrogatory as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this interrogatory as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Standard Fire further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states that it will identify all lawsuits filed against Standard Fire in the State of Alabama, for the five years immediately preceding the date of the filing of the complaint in this lawsuit, in which a claim was asserted for bad-faith failure to pay under the provisions of a personal automobile policy that was non-renewed for failure to pay premiums.

5. Explain the relationship between this Defendant and all other Defendants.

**RESPONSE:** Standard Fire is not aware of any other defendants in this matter.

6. State the name, address, and job title of each person, now known to this Defendant, who has any knowledge or information relating to the incident and allegations made the basis of the Plaintiff's Complaint.

**RESPONSE:** Standard Fire objects to this interrogatory as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Without waiving the foregoing objections, Standard Fire states that all such persons are identified in the documents produced to the Plaintiff.

7. Identify all persons who have any knowledge or witnessed the execution of documents by Plaintiff.

**RESPONSE:** Standard Fire objects to this interrogatory as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this interrogatory as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Standard Fire states that it is not aware of any person who witnessed the execution of documents by Plaintiff.

8. State the names and addresses of any and all persons with whom this Defendant has consulted as an expert witness and their opinion.

**RESPONSE:** Discovery in this case has just begun, and Standard Fire has not consulted with an expert witness at this time. Standard Fire will make the necessary and appropriate disclosures of expert witnesses at the time prescribed by order of the Court or by the Federal Rules of Civil Procedure.

9. State the names of all employees of this Defendant who had any contact with the Plaintiffs at any time and describe the contact.

**RESPONSE:** Standard Fire objects to this interrogatory as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this interrogatory as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Standard Fire states that all such persons are identified in the documents produced to the Plaintiff.

10. Prior to the institution of this action, did you or anyone on your behalf make any investigation to determine whether or not there was, in fact, a valid claim presented by the Plaintiff? If so, please state:

    a. The person making such investigation;

    b. The date on which such investigation was performed;

    c. The results of such investigation;

**RESPONSE:** Standard Fire further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states as follows: Yes. See the documents produced in response to the Plaintiff's requests for production.

11. Please state the name, address, and specify duties of any and all persons associated with the Defendant who participated in the issuance, processing, or approval of the policy of insurance, issued to Plaintiff, along with a detailed description of their participation.

**RESPONSE:** Standard Fire objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Standard Fire cannot respond to this request with any further information, as there was no policy of insurance in place at the time of the loss made the basis of the Plaintiff's complaint because the Plaintiff's previous policy of insurance did not renew because of non-payment of premiums.

12. Please state which, if any, premiums of Plaintiff's insurance policy were due or unpaid prior to the filing of this lawsuit.

RESPONSE: Standard Fire objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Standard Fire cannot respond to this request with any further information, as there was no policy of insurance in place at the time of the loss made the basis of the Plaintiff's complaint. The Plaintiff's previous policy of insurance did not renew for non-payment of premiums.

13. If this Defendant has ever received any complaints, written or verbal, about the agent that dealt with Plaintiff, please give the substance of those complaints in detail.

RESPONSE: Standard Fire objects to this interrogatory as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this interrogatory as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence.

14. Please state the names, addresses and telephone numbers of all current and former employees of this Defendant's office in Montgomery County or the office in charge of Montgomery County.

RESPONSE: Standard Fire objects to this interrogatory as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this interrogatory as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Standard Fire states that it does not maintain an office in Montgomery County or an office "in charge" of Montgomery County.

15. List each person from whom a statement has been taken by this Defendant.
RESPONSE: Standard Fire objects to this interrogatory as overly broad, not sufficiently limited

in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this interrogatory as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Standard Fire further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Notwithstanding the foregoing objections, Standard Fire states that it is not aware of any statements at this time, other than what could be considered statements in the documents produced in response to the Plaintiff's requests for production.

16.  Had this Defendant done any investigation of Plaintiff's claim prior to this lawsuit? If so, please explain your answer in detail.

**RESPONSE:** Standard Fire objects to this interrogatory as vague. Standard Fire further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Notwithstanding the foregoing objections, Standard Fire states as follows: Yes. See the documents produced in response to the Plaintiff's requests for production.

17.  Please state the name of any liability insurance company that provides coverage for any portions of the Plaintiff's Complaint. State the amount of coverage you have.

**RESPONSE:** None of which Standard Fire is currently aware.

18.  Has this defendant had any complaints filed against them with any agency of the State of Alabama or federal government? If so, explain the basis of such complaint(s) and the result(s).

**RESPONSE:** Standard Fire objects to this interrogatory as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this interrogatory as seeking information that is irrelevant to the present litigation and is not

likely to lead to the discovery of admissible evidence. Standard Fire further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

19. Has this Defendant ever been investigated by or had their license suspended or revoked by any state or federal agency? If so, explain the circumstances regarding the incident(s) in detail.

**RESPONSE:** Standard Fire objects to this interrogatory as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this interrogatory as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Standard Fire further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states as follows: No.

20. Please state the name, address and telephone number of all life insurance policyholders for this Defendant in the State of Alabama for the past eight (8) years.

**RESPONSE:** None. Standard Fire does not write life insurance policies.

21. State the name and job title of the person who denied the claim and state the reason for denial.

**RESPONSE:** Standard Fire objects to this request to the extent it assumes that there was a policy of insurance in place at the time of the Plaintiff's claim. Standard Fire further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states as follows: See the documents produced in response to the Plaintiff's requests for production.

22. State in detail why the Plaintiff's claim was denied or has been denied.

**RESPONSE:** Standard Fire objects to this request to the extent it assumes that there was a policy of insurance in place at the time of the Plaintiff's claim. Standard Fire further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states that the Plaintiff's claim was denied because there was no policy of insurance in place at the time of the Plaintiff's claim. The Plaintiff's previous policy of insurance did not renew because of non-payment of premiums.

23. State this Defendant's basis for denying the Plaintiff's claim(s).

**RESPONSE:** See response to Interrogatory Number 22.

24. State each fact upon which this Defendant relies for denial of Plaintiff's claim(s) and the source of any said facts.

**RESPONSE:** See response to Interrogatory Number 22. See also the documents produced in response to the Plaintiff's requests for production.

25. State the name and address of each witness who can or will support Defendant's denial, basis of denial and/or facts surrounding denial of Plaintiff's claim(s).

**RESPONSE:** Standard Fire objects to this request to the extent it assumes that there was a policy of insurance in place at the time of the Plaintiff's claim. Standard Fire further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Without waiving the foregoing objections, see the documents produced in response to the Plaintiff's requests for production.

26. State and identify every document and its location which this Defendant contends supports its basis for denying Plaintiff's claim(s).

**RESPONSE:** Standard Fire objects to this request to the extent it assumes that there was a policy of insurance in place at the time of the Plaintiff's claim. Standard Fire further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Without waiving the foregoing objections, see the documents produced in response to the Plaintiff's requests for production.

27. Does more than one claims file exist on the Plaintiff in regard to the claim(s) in this lawsuit?

**RESPONSE:** No.

28. Does a separate investigation file exist on this Plaintiff or the claims which are the subject of this lawsuit?

**RESPONSE:** No.

29. Are any documents being withheld in regard to the Plaintiff or the claim in this lawsuit from any files maintained by this Defendant? If so, identify each document, its location, and the basis for non-production.

**RESPONSE:** Standard Fire objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states that it redacted entries in the documents produced herewith that reflect communications with counsel. See bates numbers 0005-0011; and 0082-0086.

30. Are there any electronic communications (computer or otherwise) concerning Plaintiff's claim(s) that this Defendant has not printed and produced? If so, identify each document, its location, and the basis for non-production.

**RESPONSE:** Standard Fire objects to this interrogatory to the extent that it seeks information

protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege. Without waiving these objections, Standard Fire states: No.

31. Is there a separate adjuster diary, log, list, notes, etc. which references Plaintiff's claim(s) which are the subject of this lawsuit? If so, identify each document, its location, who maintains it, and the basis for non-production.

**RESPONSE:** No.

### SPECIFIC DOCUMENTS REQUESTED

1. The complete claims file.

**RESPONSE:** Standard Fire objects to this request as vague and further objects to the extent that it seeks information that is protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states that responsive documents are attached hereto.

2. The complete claims adjuster file.

**RESPONSE:** Standard Fire objects to this request as vague and further objects to the extent that it seeks information that is protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states that it does not maintain a separate "claims adjuster's file."

3. The complete underwriting file.

**RESPONSE:** Standard Fire objects to this request as vague and further objects to the extent that it seeks information that is protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states that the responsive documents are attached hereto.

4. Names, addresses, and positions with each Defendant of each and every person

who in any way worked with Plaintiff's claim or claims.

**RESPONSE:** See response to Interrogatory Number 9.

5.  A list of names, addresses, and policy numbers of all individuals who have been denied coverage for claims that pertain to insurance claims, whose policies are similar to Plaintiff's prior to Plaintiff's claim or claims in Alabama, during the last five years.

**RESPONSE:** Standard Fire objects to this request as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Standard Fire further objects to this request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege, and to the extent that it seeks confidential information regarding other individuals and policyholders. Moreover, Standard Fire objects to this request as it seeks information in a form that Standard Fire does not maintain information and it would be an undue burden to require Standard Fire to search all of its files for this information.

6.  All promotional literature explaining the type of policy which was sold to Plaintiff.

**RESPONSE:** Standard Fire objects to this request to the extent it assumes that there was a policy of insurance in place at the time of the Plaintiff's claim. Standard Fire further objects to this request as overly broad, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Standard Fire states that it has no responsive documents within its possession.

7.  Sales pamphlets pertaining to the type of policy sold to Plaintiff.

**RESPONSE:** Standard Fire objects to this request to the extent it assumes that there was a policy of insurance in place at the time of the Plaintiff's claim. Standard Fire further objects to

this request as overly broad, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Standard Fire states that it has no responsive documents within its possession.

8. All claims manuals, procedural manuals, operational manuals, or other documents of whatever kind which direct or instruct employees with respect to responsibilities concerning the handling of claims.

**RESPONSE:** Standard Fire objects to this request as overly broad, not sufficiently limited in time and geographic scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Standard Fire also objects to this request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege. Standard Fire further objects to this request as it seeks information that constitutes a trade secret under Alabama law and is not discoverable.

9. All correspondence, memoranda, reports, statements, acknowledgments, instructions, directives, cards, and other written documents relating to or mentioning Plaintiff.

**RESPONSE:** Standard Fire objects to this request as overly broad, not sufficiently limited in time and geographic scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Standard Fire also objects to this request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states that responsive documents are attached hereto.

10. All correspondence, memoranda, reports, statements, acknowledgments,

instructions, directives, cards, and other written documents relating to the insurance policy issued to Plaintiff.

**RESPONSE:** Standard Fire objects to this request to the extent it assumes that there was a policy of insurance in place at the time of the Plaintiff's claim. Standard Fire further objects to this request as overly broad, not sufficiently limited in time and geographic scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Standard Fire also objects to this request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states that responsive documents are attached hereto.

11. All correspondence, memoranda, reports, statements, acknowledgments, instructions, directives, cards, and other written documents relating to the claim or claims filed by Plaintiff on behalf of the Plaintiff.

**RESPONSE:** See response to Request for Production Number 9.

12. Any complaints filed against this Defendant concerning policies like that of Plaintiff's, or similar thereto, with any State Insurance Department or other entities to the present date.

**RESPONSE:** Standard Fire objects to this request to the extent it assumes that there was a policy of insurance in place at the time of the Plaintiff's claim. Standard Fire further objects to this request as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Standard Fire states that it will identify all lawsuits filed against Standard Fire in the State of Alabama, for the five years immediately

preceding the date of the filing of the complaint in this lawsuit, in which a claim was asserted for bad-faith failure to pay under the provisions of an personal automobile policy that was non-renewed for failure to pay premiums.

13.    Any and all documents of whatever type filed with the Alabama Insurance Department or a similar regulatory agency of any state relating to the policy of insurance sold to Plaintiff.

**RESPONSE:** Standard Fire objects to this request to the extent it assumes that there was a policy of insurance in place at the time of the Plaintiff's claim. Standard Fire further objects to this interrogatory as vague, overly broad, and unduly burdensome. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Standard Fire states that it is not aware of any documents responsive to this request.

14.    Testimony and documents evidencing or relating to any reprimands, actions, or complaints, or disciplinary actions taken against this Defendant by the Insurance Department or the Attorney General of any state in the United States of America including Alabama.

**RESPONSE:** Standard Fire objects to this request as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence.

15.    Please provide a list of all people in the Underwriting Department who have knowledge of this particular policy.

**RESPONSE:** Standard Fire objects to this request to the extent it assumes that there was a policy of insurance in place at the time of the Plaintiff's claim. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections,

14

Standard Fire states that responsive documents are attached hereto.

16. Please provide copies of all files maintained by this company regarding the Plaintiff's policy and provide a list of where each file is kept, giving the full name of the person whose custody said file is in, and their job title, address and telephone number.

**RESPONSE:** Standard Fire objects to this request to the extent it assumes that there was a policy of insurance in place at the time of the Plaintiff's claim. Standard Fire further objects to this request as overly broad, not sufficiently limited in time and geographic scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Standard Fire also objects to this request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states that responsive documents are attached hereto.

17. Produce a copy of all correspondence between this Defendant and the Insurance Department of Alabama for the State of Alabama and/or any other state insurance department in which this Defendant does business concerning any complaints, lawsuits or claims made by a policyholder, insured or assignee, which have been denied by this Defendant.

**RESPONSE:** Standard Fire objects to this request as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Standard Fire further objects to this request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege, and to the extent that it seeks confidential information regarding other individuals and policyholders.

18. Attach a copy of the Curriculum Vitae for any expert witness you expect to call as a witness at the trial of this case.

**RESPONSE:** Discovery in this case has just begun, and Standard Fire has not consulted with an expert witness at this time. Standard Fire will make the necessary and appropriate disclosures of expert witnesses at the time prescribed by order of the Court or by the Federal Rules of Civil Procedure.

19. All policies ever issued to any Plaintiff including the policy number.

**RESPONSE:** Standard Fire objects to this request as overly broad. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Standard Fire states no policy was in place at the time of the loss made the basis of the Plaintiff's lawsuit. However, Standard Fire is producing herewith a copy of the 2003 and 2004 automobile policies issued to the Plaintiff, which did not renew because of non-payment of premiums.

20. All checks ever written to Plaintiff.

**RESPONSE:** Standard Fire objects to this request as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Standard Fire states that responsive documents are attached hereto.

21. All documents showing amount Plaintiff paid at each interval.

**RESPONSE:** Standard Fire objects to this request as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections,

Standard Fire states that responsive documents are attached hereto.

22. All documents that have a signature on them that appear to be that of Plaintiff or Plaintiff's family members.

**RESPONSE:** Standard Fire objects to this request as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Standard Fire states that responsive documents are attached hereto.

23. All letters to Plaintiff or Plaintiff's family from this Defendant.

**RESPONSE:** Standard Fire objects to this request as overly broad, not sufficiently limited in time and geographical scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Standard Fire states that responsive documents are attached hereto.

24. The entire file dealing with Plaintiff.

**RESPONSE:** Standard Fire objects to this request as overly broad, not sufficiently limited in time and geographic scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Standard Fire also objects to this request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states that responsive documents are attached hereto.

25. Any documents which mention Plaintiff.

**RESPONSE:** Standard Fire objects to this request as overly broad, not sufficiently limited in time and geographic scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Standard Fire also objects to this request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege. Without waiving the foregoing objections, Standard Fire states that responsive documents are attached hereto.

26. A copy of all policies ever issued to Plaintiff or Plaintiff's family members.

**RESPONSE:** Standard Fire further objects to this request as overly broad, not sufficiently limited in time and geographic scope, unduly burdensome, and vague. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Standard Fire states no policy was in place at the time of the loss made the basis of the Plaintiff's lawsuit. However, Standard Fire is producing herewith a copy of the 2003 and 2004 automobile policies issued to the Plaintiff, which did not renew because of non-payment of premiums.

27. A copy of all applications ever signed or purportedly signed by Plaintiff or Plaintiff's family members.

**RESPONSE:** Standard Fire objects to this request as overly broad. Standard Fire further objects to this request as seeking information that is irrelevant to the present litigation and is not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Standard Fire states that it does not have a copy of the Plaintiff's application.

The Standard Fire Insurance Company

By: *Richard D Mitchum*
Its *Quality Specialist*

Sworn to and subscribed before
me this 1st day of Dec. , 2005.

_Hollie K. Moore_
Notary Public   7/28/09

[Notary Seal: HOLLIE K. MOORE, STATE OF TENNESSEE NOTARY PUBLIC, ANDERSON COUNTY]

As to objections:

_____
Brenen G. Ely (ELY004)
Joel S. Isenberg (ISE001)
Attorneys for Defendant The Standard Fire

Insurance

Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209
(205) 802-2214
(205) 879-4445 (FAX)

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| __x__ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |

on this the 7th day of February , 2005.

_____
OF COUNSEL

19

cc:

Jere L. Beasley
W. Daniel Miles, III
Christopher Sanspree
Beasley, Allen, Crown, Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 35103-4160

Gary E. Atchison
429 South Court Street
Montgomery, AL 36102