AFFIDAVIT

STATE OF TENNESSEE )

COUNTY OF KNOX )

1. My name is Richard Finchum. I am a resident of the State of Tennessee. I am over the age of nineteen and am competent to testify about the matters contained in this affidavit. I am employed by The Travelers Indemnity Company ("Travelers") in Knoxville, Tennessee as a Quality Audit Specialist. In the course of employment I work on various affiliated insurers, one of which is The Standard Fire Insurance Company ("Standard Fire"). This affidavit is based on personal knowledge and/or business records maintained in the ordinary course of business.

2. Mr. Kern's check in the amount of $800 was received in the mail and was automatically deposited into a Travelers bank account on Friday, February 4, 2005 as is standard business practice for Standard Fire upon receipt of all premium checks. As is the usual business practice, it was not until Monday, February 7, 2005, the next business day after the deposit of the check, that the Standard Fire computer system was able to search the Standard Fire accounts to determine whether there was outstanding premium on the plaintiff's policy to which the check could be credited. It was determined, at that time, that the offer to reinstate the policy had expired and that it was no longer in effect. Therefore, since there was no policy to which the check could be applied, Standard Fire began the refund procedure at that time and issued a refund check to the plaintiff on February 17, 2005.

3. On or about March 28, 2005, I wrote a letter to Gary E. Atchison, counsel for Mr. Kern, setting forth these very facts to him. There was no active policy in place on February 4, 2005 or February 7, 2005 to which Mr. Kern's payment


EXHIBIT J

could be applied. The payment was never applied to any policy of insurance and was simply cashed and refunded to Mr. Kern.

STATE OF TENNESSEE
COUNTY OF KNOX

_Rick Finchum_
Rick Finchum

STATE OF TENNESSEE
COUNTY OF KNOX

I, Brandi Doyle, a Notary Public in and for said County and State, hereby certify that, whose name is signed to the foregoing and who is known to me, acknowledged before me this day, that being informed of the contents thereof, he voluntarily executed the same on the day of its date.

Given under my hand and seal this the 19th day of April, 2006.

_Brandi Doyle_
expires: 6-9-09

Notary Public:
My commission

## AFFIDAVIT OF CHERYL AZAR

STATE OF ALABAMA            )

COUNTY OF MONTGOMERY   )

1.      My name is Cheryl Azar. I am a resident and citizen of the State of Alabama. I am over the age of nineteen and am competent to testify about the matters contained in this affidavit.

2.      I am presently employed by the Colonial Insurance Agency, Inc. ("Colonial") as the Personal Lines Manager in Montgomery, Alabama. This affidavit is based on personal knowledge and/or business records maintained in the ordinary course of business of Colonial.

3.      On November 11, 2003, I placed automobile insurance coverage for Mr. Kern with The Standard Fire Insurance Company for the policy period November 11, 2003 to November 11, 2004 on a 2001 Mitsubishi Montero Limited. As Personal Lines Manager, I work with Chris Setzer, the current agent on Weelapan Kern's automobile insurance account. I am aware from my personal knowledge and from a review of Colonial's business records that Mr. Kern failed to renew the automobile insurance policy, and the policy ceased to be in effect after November 11, 2004.

4.      I also know from my personal knowledge and from a review of Colonial's business records that Standard Fire made an offer to Mr. Kern to reinstate his policy if he paid the minimum premium amount of $445.49 no later than January 11, 2005. Mr. Kern failed to make the minimum payment due by January 11, 2005 and failed to timely accept the offer to reinstate; accordingly, the offer to reinstate expired on its own terms.

5.      Colonial has a policy in place that requires that a notation be made in Colonial's computer system documenting any telephone conversation with an existing customer regarding his insurance coverage. Colonial's computer records are business records maintained in the ordinary course of business of Colonial. I have personally made a full and complete search of Colonial's computer system and have found no evidence of any telephone conversation with Mr. Kern regarding his insurance coverage after the placement of his insurance in November of 2003. Specifically, there is no record of any conversation with Mr. Kern in December of 2004 or January of 2005 regarding the offer to renew his expired automobile insurance policy with Standard Fire. Neither I, as personal lines manager, nor any producer, including Chris Setzer, the agent on Mr. Kern's account, ever spoke to Mr. Kern about the offer to reinstate his policy. No one at Colonial told Mr. Kern that it would be acceptable for him to send his payment in response to the offer to reinstate after the January 11, 2005 deadline.

6.      Moreover, Colonial has a policy that prohibits any person answering the telephone, other than a manager or a producer, to provide any account information over the telephone. Specifically, I have instructed the receptionists at Colonial, who answer all incoming telephone calls, never to provide any account information over the telephone.

7.      Further affiant sayeth not.

_____
Cheryl Azar

STATE OF ALABAMA        )
COUNTY OF MONTGOMERY    )

I, _Rebecca J. Bryant_, a Notary Public in and for said County and State, hereby certify that Cheryl Azar, whose name is signed to the foregoing and who is known to me, acknowledged before me this day, that being informed of the contents thereof, she voluntarily executed the same on the day of its date.

Given under my hand and seal this the _19th_ day of April, 2006.

Notary Public: _Rebecca J. Bryant_
My commission expires: _12-12-07_