IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WEELAPAN KERN; | * | |
| | * | |
|     Plaintiff, | * | |
| | * | Case No. |
| vs. | * | 2:05-cv-698-DRB |
| | * | |
| STANDARD FIRE INSURANCE | * | |
| COMPANY; ET AL., | * | |
| | * | |
|     Defendants. | * | |

**PLAINTIFF'S RESPONSE TO THIS COURT'S ORDER
TO SHOW CAUSE AS TO WHY THE AFFIDAVIT OF PLAINTIFF WEELAPAN
KERN SHOULD NOT BE STRICKEN FROM THE RECORD**

COMES NOW the Plaintiff and hereby responds to this Court's Order to Show

Cause as to why the affidavit of Plaintiff Weelapan Kern should not be stricken from the

record by showing unto the Court the following:

1).    Defendant argues that several statements contained within Mr. Kern's

affidavit directly contradict his previous sworn depositional testimony and, as a result, are

due to be stricken from the record.  The affidavit at issue is attached hereto as Exhibit

"A".  The depositional testimony at issue is attached hereto as Exhibit "B".  The alleged

contradictory statements are as follows:

    (a).    **Affidavit**

> Mr. Kern states "[h]owever, a couple of weeks after
> the [sic] January 11, 2005, I called Standard
> Fire/Travelers and asked how much it would cost at
> that time to have my policy and coverage
> reinstated."  (Exhibit "A" at pg 1).

### Deposition

Mr. Kern stated that he never spoke to anyone at Standard Fire. (Exhibit "B", at pp. 58, 89-92). Mr. Kern stated that the only telephone calls he made were to his own insurance agency, Colonial Insurance Agency, Inc. (Exhibit "B", at pp. 46, 92).

(b).    **Affidavit**

"Standard Fire/Travelers represented to me that if I made an $800.00 premium payment, my policy would be reinstated as if there had been no interruption in my coverage." (Exhibit "A" at pg. 1)

### Deposition

Mr. Kern stated that he never spoke to anyone at Standard Fire. (Exhibit "B", at pp. 58, 89-92). Mr. Kern stated that the only telephone calls he made were to his own insurance agency, Colonial Insurance Agency, Inc. (Exhibit "B", at pp. 46, 92).

(c).    **Affidavit**

"I was involved in an automobile accident and immediately filed a claim with Standard Fire/Travelers the following Monday, February 7, 2005." (Exhibit "A" at pg. 2).

### Deposition

Mr. Kern stated that he notified his insurance agency, Colonial Insurance Agency, Inc., by telephone of the accident on February 7, 2005. (Exhibit "B" at pg. 61).

Defendant's allegation that the above testimony directly contradicts each other is based upon the fallacious presupposition that notice or communication with Colonial

Insurance Agency, Inc., by Mr. Kern is not notice or communication by Mr. Kern with Standard Fire/Travelers.  However, it has been stipulated for the record that Colonial Insurance Agency, Inc., was Standard Fire/Traveler's agent for summary judgment purposes.  This fact is undisputed and no evidence to the contrary has been provided by Defendant Standard Fire.  It is also undisputed that Colonial Insurance Agency, Inc., was acting within its line and scope of its employment in its dealings with Mr. Kern.  This fact is also undisputed and no evidence to the contrary has been provided by Defendant Standard Fire.  It is also undisputed and **well-settled law** that notice or communication with the agent is notice or communication with the principle.  Schloss Bros. & co. v. Gibson Dry Goods Co., 60 So. 436 (Ala. App. 1912); Sanders v. Gernet Bros. Lumber Co., 129 So. 46 (Ala. 1930); Commonwealth Life Ins. Co. v. Wilkenson, 129 So. 300 (Ala. 1930); Bynon v. Citizens' Bank of Carbon Hill, 130 So. 391 (Ala. 1930); Pearson v. Van Antwerp Realty Corporation, 164 So. 729 (Ala. 1935); National Union fire Ins. Co. v. Morgan, 166 So. 24 (Ala. 1936); Life & Cas. Ins. Co. of Tenn. v. Crow, 164 So. 83 (Ala. 1936); Sullivan v. Alabama Power Co., 20 So.2d 224 (Ala. 1944); Tennessee Valley Bank v. Williams, 21 So.2d 686 (Ala. 1945). Therefore, statements and communication with Colonial Insurance Agency, Inc., by Mr. Kern were statements and communication with Standard Fire/Travelers.  Likewise, any statements and communication by Colonial Insurance Agency, Inc., with Mr. Kern were statements and communication by Standard Fire/Travelers with Mr. Kern.  For that reason, Plaintiff's statements contained within his affidavit are completely consistent with his previous depositional testimony and Defendant's Motion to Strike the above quoted segments of Mr. Kern's affidavit is due to be denied.

(d).  **Affidavit**

"In addition, I cannot obtain automobile insurance until the foregoing debt is repaid." (Exhibit "A" at pg. 2).

**Deposition**

Mr. Kern acknowledged that Colonial Insurance offered him insurance after the date of the accident, that he did not respond to Colonial's offer of insurance, and that he does not now have insurance. (Exhibit "B" at pgs. 81 and 85).

Defendant's allegation that the above testimony is contradictory is also based upon fallacious presuppositions.  First, it presupposes that a simple quote for automobile insurance coverage is a guarantee that coverage would have been provided.  It also presupposes that automobile insurance coverage would have been provided to Mr. Kern even though he had no driver's license.  There has been absolutely no evidence whatsoever provided by the Defendant that would support the aforesaid presuppositions.  As a result, Defendant's Motion to Strike the above quoted portion of Mr. Kern's affidavit is also due to be denied because it has failed to show by any evidence whatsoever that the foregoing testimony is contradictory.

WHEREFORE, PREMISES CONSIDERED, because there has been no showing by Defendant that there are direct contradictions between Mr. Kern's depositional testimony and subsequent affidavit testimony, Defendant's Motion to Strike the same is due to be denied.

*/s/ Christopher E. Sanspree*
CHRISTOPHER E. SANSPREE (SAN048)
Attorney for Plaintiff

OF COUNSEL:

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS, & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama  36103-4160
(334) 269-2343
(334) 954-7555 (Fax)

Mr. Gary E. Atchison
Attorney at Law
Post Office Box 2002
Montgomery, Alabama 36102-2002

## CERTIFICATE OF SERVICE

      I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Defendants of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the **9**[th] day of **June** 2006.

                                           */s/ Christopher E. Sanspree*
                                           OF COUNSEL

Brenen G. Ely
Joel Isenberg
**SMITH & ELY, LLP**
2000 A. Southbridge Parkway, Ste 405
Birmingham, Alabama 35209
205-802-2214
205-879-4445 fax