IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WEELAPAN KERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05-CV-00698-DRB |
| ) | wo |
| STANDARD FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON MOTION

Submitted for ruling is the following-styled motion filed on May 30, 2006, by Defendant The Standard Fire Insurance Company ("Standard Fire"): **Motion to Strike Portions of Plaintiff Weelapan Kern's Affidavit and those Portions of Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment that Rely on said Affidavit** (Doc. 38 ).

Standard Fire cites portions of an affidavit given by Plaintiff Weelapan Kern ("Kern") on May 17, 2006 (*Ex. C* to his *Statement and Brief in Opposition to Summary Judgment*) as inconsistent with his deposition testimony on March 1, 2006 (*Ex. A* to his *Statement and Brief in Opposition to Summary Judgment*). Describing the affidavit as a "sham", Standard Fire urges the court to disregard inconsistent portions in its evaluation of its pending motion for summary judgment. Kern responded in opposition on June 9, 2006 (Docs. 46 and 47).

After stating the analytical framework for Standard Fire's Motion, the court applies it to each of the four statements in the affidavit which are alleged to be inconsistent with Kern's prior deposition testimony, concluding that the Motion is due to be denied.

## I. CONTROLLING STANDARD

"When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Associates, Inc. v. U.S. Industries, Inc.*, 736 F. 2d 656 (11th Cir. 1984). For this proposition that "an affidavit can be disregarded when it constitutes a sham," the Eleventh Circuit clarified a necessary distinction in *Tippens v. The Celotex Corp.*, 805 F. 2d 949, 953-54 (11th Cir. 1986):

> A definite distinction must be made between *discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence.* ' An opposing party's affidavit should be considered although it differs from or varies (from) his evidence as given by deposition or another affidavit and the two in conjunction may disclose an issue of credibility.' 6 Moore's Federal Practice para. 56.15 (4) (2d ed. 1985) (footnote omitted).
>
> The purpose of summary judgment is to separate real, genuine issues from those which are formal or pretended. To allow every failure of memory or variation in a witness's testimony to be disregarded as a sham would require too much from lay witnesses and would deprive the trier of fact of the traditional opportunity to determine which point in time and with which words the witness (in this case, the affiant) was stating the truth. Variations in a witness's testimony and any failure of memory throughout the course of discovery create an issue of credibility as to which part of the testimony should be given the greatest weight if credited at all. *Issues concerning credibility of witnesses and weight of the evidence are questions of fact which requires resolution by the trier of fact.*

(emphasis added). *See Sears v. PHP of Ala., Inc.*, No. 2:05-cv-304-ID, 2006 U.S. Dist. LEXIS 18460, at *30-*31 (M.D. Ala. Apr. 10, 2006) ("[A]n affidavit which clarifies, augments, elaborates, or explains prior deposition testimony is not 'inherently inconsistent' within the meaning of the sham affidavit rule.") (internal citations omitted); *Thomas v. Ala. Council On Human Relations, Inc.*, 248 F. Supp. 2d 1105, 1112-13 (M.D. Ala. 2003) ("[A] court must find some inherent inconsistency between the affidavit and the deposition. It is the inherent inconsistency which renders the

subsequent affidavit a 'sham'.) (internal citations omitted).

## II.  ANALYSIS

**A.  <u>Affidavit Testimony: statement no. 1</u>**
*However, a couple of weeks after the January 11, 2005, I called Standard Fire/Travelers and asked how much it would cost at that time to have my policy and coverage reinstated.*

This statement, in the view of Standard Fire, "is in direct conflict" with Kern's deposition testimony (1) that "he never spoke to anyone at Standard Fire (or Travelers)" but instead made phone calls only to Colonial Insurance Agency, and (2) that he was unsure if he called before or after January 11, 2005. Kern responds, in essence, that Standard Fire's view "is based upon the fallacious presupposition that [his] notice or communication with Colonial Insurance Agency, Inc. . .. is not notice or communication by [him] with Standard Fire/Travelers." With respect to this and the remaining statements in controversy, Kern also notes that on this summary judgment record, "[i]t is undisputed that Colonial Insurance Agency, Inc., was/is the agent of Defendant Standard Fire ..." (Doc. 47 at 3 n.1).

Kern deemed Standard Fire and Colonial as "the same" because Colonial acted as Standard Fire's agent, and Kern spoke only to Colonial about the policy during its life. (Kern. Dep. 36, 46, 58, 89-92). Regarding his phone calls around January 11, 2005, Kern testified initially that he called Colonial before January 11, 2005, but later recalled making the contact after that date; he testified on each occasion, however, that he was very busy during this period. (Kern. Dep. 75-76). At the end of the deposition, Kern reiterated that he spoke to Colonial after January 11, but upon further examination, he acknowledged that he did not know on what day he spoke with Colonial, that he spoke to a lot of people and was busy during the time, and that he didn't take any notes during the

3

conversation. (Kern. Dep. 107- 110).

It is the court's considered judgment that the referenced affidavit testimony reflects no inherent inconsistency with Kern's prior deposition testimony.

### B. Affidavit testimony: statement no. 2
*Standard Fire/Travelers represented to me that if I made an $800.00 premium payment, my policy would be reinstated as if there had been no interruption in my coverage.*

Standard Fire finds this statement "inherently inconsistent" because Kern "unequivocally testified in his deposition "that he never spoke to anyone at Standard Fire (or Travelers)." The same rationale expressed in the analysis of the first statement governs this statement.

### C. Affidavit testimony: statement no. 3
*I was involved in an automobile accident and immediately filed a claim with Standard Fire/Travelers the following Monday, February 7, 2005.*

Because Kern never made any direct contact with Standard Fire/Travelers, the company finds this statement in Kern's affidavit "in direct conflict with [Kern's] prior deposition testimony . . . that he notified his insurance agency, Colonial Insurance Agency, Inc., by telephone of the accident on February 7, 2005." Kern's treatment of Colonial as Standard Fire's agent is documented throughout his testimony, however, and the court can weigh this statement against that backdrop; there is no inherent inconsistency between this statement and his deposition testimony.

### D. Affidavit Testimony: statement no. 4
*In addition, I cannot obtain automobile insurance until the foregoing debt is repaid.*

Standard Fire finds this statement "in direct conflict" with Kern's prior deposition testimony "that Colonial Insurance offered him replacement insurance after the accident, that he did not respond to Colonial's offer of insurance, and that he does not now have insurance." (Kern Dep. 81-

4

85). Careful scrutiny underscores that this statement is not inherently inconsistent with Kern's deposition testimony. Kern acknowledged in deposition receipt of Colonial's offer of replacement coverage after the accident, and he also testified that he does not now have insurance. He further explained on the cited deposition pages, however, that he would need to pay damages to other persons involved in the accident and obtain new insurance in order to get his drivers license re-instated.

**In sum, it is ORDERED that** *Standard Fire's Motion to Strike Portions of Plaintiff Weelapan Kern's Affidavit and those Portions of Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment that Rely on said Affidavit* (Doc. 38 ) is **DENIED.**

DONE THIS 7TH DAY OF JULY, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE