IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WEELAPAN KERN,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        2:05-CV-00698-DRB
                                        )        wo
STANDARD FIRE INSURANCE                 )
COMPANY,                                )
                                        )
        Defendant.                      )

## ORDER ON MOTION

Submitted for ruling is the following-styled motion filed on May 30, 2006, by Defendant Standard Fire Insurance Company ("Standard Fire"): ***Motion to Strike the Expert Report of John Allen and any Portions of Plaintiff's Brief in Opposition to Motion for Summary Judgment that Rely on said Report and Exhibits*** (Doc. 39). The disputed report is attached as *Ex. G* to the Statement and Brief filed by Plaintiff Weelapan Kern ("Kern") in opposition to Standard Fire's pending motion for summary judgment.

## I.

Standard Fire contends that this expert report of John Allen is due to be struck "because it does not meet the requirements of Fed. R. Civ. P. 26(a)(2) and was untimely according to the Rule and the court's scheduling order. Even assuming that the report met the requirements of Rule 26(a)(2), the report is due to be struck because its contents constitute inadmissible legal arguments."

Kern responded with a *Notice of Withdrawal* (Doc. 42, June 2, 2006) which "gives notice of his withdrawal of the affidavit of claims expert John H. Allen on the grounds that it is unnecessary at this point in that it contains obvious legal conclusions that any potential lay person on the jury

would also potentially reach when presented with the same undisputed facts and governing law." Accordingly, Kern declared that the *Motion to Strike* is due to be denied as moot by his "withdraw[al] [of] the affidavit of John H. Allen."

To the extent that Kern's *Notice* "seeks to withdraw the testimony of Plaintiff's purported expert, John Allen," Standard Fire did not object, but its response filed June 5, 2006 (Doc. 43) requested that the court proceed to rule on its *Motion* because (a) Kern's *Notice* specified his withdrawal only of his expert's affidavit and not his report, and (b) Kern's *Notice* acknowledged only one of the reasons proffered for granting the *Motion,* and ( c ) the *Motion* seeks relief which includes striking all portions of Kern's Statement and Brief which rely on the affidavit and report. Kern filed a *Response* on June 6 (Doc. 44) purporting to "show cause as to why the Affidavit and Report of Expert John H. Allen should not be stricken from the Record"; the *Response*, in essence, details discovery problems which occasioned his delay in disclosing the expert, and in an about-face from the *Notice of Withdrawal*, urges the court to deny Standard Fire's *Motion.*

## II.

Pursuant to the scheduling order filed October 4, 2005 (Doc. 17) – incorporating essentially the parties Rule 26(f) Report filed September 30 (Doc. 16) – reports from retained experts under Rule 26(a)(2) were due from the Plaintiff on February 6, 2006, and from the Defendant by March 6, 2006. Kern's *Response* recites his "continued spirit of cooperation" in the parties' agreements extending their deadlines for exchanging initial disclosures and for other discovery responses; Kern also highlights that notwithstanding Standard Fire's failure to provide discovery responses until February 7, Kern acted promptly in having an expert review the records, and in supplying his

2

expert's report on March 3.

Kern presented no Rule 37 *motion to compel*, however, in response to Standard Fire's untimely or incomplete discovery, and did not seek from this court any reasonable extensions in filing an expert report which clearly could not have been prepared absent this discovery. On the facts related now, such an extension would have been granted. The Uniform Scheduling Order filed in this case makes clear the court's intent to enforce its provisions strictly absent timely requests for modifications, including extensions of deadlines. By advising that "deadlines and responsibilities may not be changed without leave of the court", the judges of the Middle District give notice that the parties rely on "gentlemen's agreements" to their peril as such agreements cannot be monitored by the court and, consequently, any breach will not be remedied by the court. Accordingly, it is

**ORDERED** that Standard Fire's ***Motion to Strike the Expert Report of John Allen and any Portions of Plaintiff's Brief in Opposition to Motion for Summary Judgment that Rely on said Report and Exhibits*** (Doc. 39) ***is GRANTED.***

DONE THIS 7TH DAY OF JULY, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE